THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WALTER HARVEY, Defendant-Appellant.

Fifth District   No. 5—89—0500

Opinion filed May 14, 1991.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Donna and Gary Decker were abducted in St. Louis on December 14, 1982. Gary Decker was killed in Missouri while his wife was raped and murdered in Illinois. Defendant, Walter Harvey, was arrested for these offenses on January 14, 1983. In April of 1983 defendant was convicted of Federal charges arising from the acts set forth above and was sentenced in June of 1983 to 120 years in prison. A St. Clair County, Illinois, grand jury returned an indictment on June 2, 1983, charging defendant with the rape and murder of Donna Decker. While these Illinois charges were pending, defendant was convicted and sentenced to death in Missouri for the murder

of Gary Decker. The Illinois charges pending against defendant were dismissed on January 8, 1985. Defendant's Missouri conviction was reversed on appeal, but he was retried, convicted, and sentenced to life in prison. However, this conviction was also overturned on appeal.

On July 20, 1987, defendant was recharged by St. Clair County, Illinois, authorities for the rape and murder of Donna Decker. The information alleged that the statute of limitations on the rape charge had been tolled since June 23, 1983, because defendant was not "usually and publicly a resident within this state."

On July 18, 1989, defendant agreed to stipulate that if the case were called to trial, the State could prove that he was out of State for a period of time sufficient to toll the rape statute of limitations, and that it could also prove him guilty of rape and murder. In exchange for this stipulation the State would not seek the death penalty and would agree with the defendant's sentencing recommendation of 80 years' imprisonment for murder and 30 years' imprisonment for rape to be served consecutively to each other, but concurrently with the Federal sentences. The trial court accepted the stipulation and the sentences. Defendant was given credit for time served against his sentence from December 24, 1987 (the date defendant was returned to Illinois after being recharged), to July 18, 1989 (the date of sentencing). Defendant raises the following issues for our review:

I. Whether the trial court erred in finding that the rape statute of limitations had not expired.

II. Whether the trial court erred in sentencing defendant to an extended term of 80 years' imprisonment for murder.

III. Whether the trial court considered an improper aggravating factor when sentencing defendant to an extended term for murder.

IV. Whether the trial court erred in ordering defendant's 80-year extended-term sentence of imprisonment for murder and his 30-year sentence of imprisonment for rape to be served consecutively.

V. Whether the trial court gave defendant the proper credit against his sentence for time served.

For the reasons which follow, we affirm.

Defendant initially contends that his rape conviction must be reversed because the three-year statute of limitations for rape (Ill. Rev. Stat. 1989, ch. 38, par. 3—5(b)) expired before the State recharged him on July 20, 1987. In support of this contention defendant argues that the statute of limitations tolling provision, section 3—7(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—7(a)), is

inapplicable because "a large part of his custody before Illinois took custody on December 24, 1987, was spent in the federal prison located in Marion, Illinois." Defendant also asserts that section 3—7(a) did not toll the statute of limitations because his absence from Illinois was involuntary and because the State was fully aware of his location. The State contends that the statute of limitations for rape did not expire because defendant was not usually and publicly a resident within Illinois from June 23, 1983, to December 24, 1987.

■ Section 3—7(a) provides as follows:

"§3—7. Periods Excluded from Limitation. The period within which a prosecution must be commenced does not include any period in which:

(a) The defendant is not usually and publicly residing within this State." Ill. Rev. Stat. 1989, ch. 38, par. 3—7(a).

■ Defendant's contention that section 3—7(a) is inapplicable to this case because he was confined for a substantial period of time in Marion, Illinois, is without merit. Defendant testified at a motion hearing held on February 3, 1989, that he was confined at the St. Clair County jail from January 14, 1983, to June 23, 1983; that he was confined in Marion, Illinois, from September of 1984 through March of 1985; and that at all other times he was confined in either Kansas or Missouri. Clearly defendant was out of Illinois for a period of time sufficient to toll the statute of limitations. In addition, we note that defendant stipulated that the State would produce witnesses to establish his out-of-State residence for a period of time sufficient to toll the statute of limitations.

■ Defendant next contends that, although he was physically out of Illinois for a period of time sufficient to toll the statute of limitations, the trial court erred in finding that the statute of limitations was tolled because his absence from the State was involuntary and because the State at all times knew defendant's out-of-State location. We disagree. As noted above, the statute of limitations is tolled during any period in which "[t]he defendant is not *usually and publicly residing within this State."* (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 3—7(a).

In *People v. Carman* (1943), 385 Ill. 23, 52 N.E.2d 197, the supreme court was confronted with the question of whether the defendant was usually and publicly resident within this State during the time that he was confined in the Missouri penitentiary. The defendant claimed that the statute of limitations had expired because his absence from the State was not voluntary. The court interpreted sec-

tion 5 of division IV of the Criminal Code (now Ill. Rev. Stat. 1989, ch. 38, par. 3—7(a)):

> "This statute does not purport to toll the limitation only in case such absence is voluntary. Such construction would read into the statute words not used by the legislature, and which are contrary to the clear intention therein expressed. This would do violence to all recognized rules of construction. It would accomplish a result wholly foreign to the obvious purpose of the act. The language found in this section is too clear to admit of construction. The words must be given effect in accordance with their ordinary meaning." *Carman*, 385 Ill. at 29, 52 N.E.2d at 199.

We conclude that the statute of limitations was tolled in this case. We decline to read into section 3—7(a) provisions which prevent the statute of limitations from being tolled if defendant's absence from the State is involuntary and if the State is aware of the defendant's out-of-State location. As the *Carman* court indicated, the language used in the statute is clear and direct. The statute is based solely upon defendant's absence from the State. *Carman*, 385 Ill. at 29, 52 N.E.2d at 199.

Defendant next contends that the trial court erred in sentencing him to an extended-term sentence for murder. The trial court sentenced defendant to the extended term after finding that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(2).) Defendant argues that the evidence does not support the trial court's finding. We disagree.

> ■ " ' "Heinous" is defined by Webster's Third New International Dictionary (unabridged) as "hatefully or shockingly evil: grossly bad: enormously and flagrantly criminal"; "brutal" includes "grossly ruthless," "devoid of mercy or compassion: cruel and cold-blooded." ' " (*People v. McGee* (1984), 121 Ill. App. 3d 1086, 1090, 460 N.E.2d 843, 846, quoting *People v. La Pointe* (1981), 88 Ill. 2d 482, 501, 431 N.E.2d 344, 353.)

The trial court's sentencing decision is entitled to great deference and weight and will not be altered on review in the absence of an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 884.

■ Gary and Donna Decker were abducted at gunpoint by defendant and Raphael Clark on December 14, 1982, from a shopping center parking lot in St. Louis County. Donna Decker offered her purse to the men and pleaded with them not to hurt her. The Deck-

ers were forced into their car. Shortly thereafter, Gary Decker was shot and killed. The Deckers were then driven to a field in East St. Louis where Donna Decker was subjected to repeated sexual assaults. Donna Decker was then shot four times in the face; twice in the left jaw and twice in the temple. The bodies of Donna and Gary Decker were left in the field.

These facts clearly reveal that the murder of Donna Decker was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Therefore, the trial court's imposition of the extended term was not an abuse of discretion. See also *People v. Wright* (1987), 161 Ill. App. 3d 967, 514 N.E.2d 817.

Defendant next contends that his murder sentence must be vacated because the trial court considered an improper factor in imposing the extended-term sentence. One of the factors in aggravation found by the trial court was that "obviously the defendant's conduct caused serious harm to another."

■ While it was improper for the trial court to consider the fact that the murder caused serious harm to another, the reliance by the trial court on an improper factor in aggravation does not always require a reviewing court to remand the case for resentencing. (*People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340.) Remandment is not necessary if it can be determined from the record that the weight placed on an improperly considered aggravating factor is so insignificant that it did not lead to a greater sentence. *Bourke*, 96 Ill. 2d 327, 449 N.E.2d 1338.

As noted above, the facts of this case clearly reveal that Donna Decker's murder was accompanied by exceptionally brutal or heinous circumstances indicative of wanton cruelty. After reviewing the record, we conclude that the trial court's consideration of the improper factor did not result in defendant receiving a greater sentence than would otherwise have been imposed had the trial court not considered the improper factor.

Defendant next contends that the trial court erred in ordering the 80-year sentence of imprisonment for murder and the 30-year sentence of imprisonment for rape to be served consecutively. We disagree.

As noted earlier, absent an abuse of discretion, the sentence imposed by the trial court will not be altered on review (*Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882). The trial court sentenced defendant to consecutive terms pursuant to section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b)). That section provides:

"The court shall not impose a consecutive sentence *** unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(b).

In imposing the consecutive sentences, the trial court stated:

"The court does find that giving regard to the nature and circumstances of the offense and the history and character of the defendant that consecutive sentences are required to protect the public from further criminal conduct by this defendant. The basis for that was the particular brutal nature of the crime that was committed, the fact that the murder was committed in the commission of a felony, but more because of the particular brutal and heinous nature of the offense and the cruelty involved. And that would be the basis as to why I have extended or made the sentences run consecutive to each other."

■ While defendant was only 20 years of age at the time he committed the offenses and had no criminal record prior to December 14, 1982, the date of the incident, the exceptionally brutal and heinous behavior which accompanied the murder indicates that the trial court did not abuse its discretion in ordering defendant's sentences to be served consecutively.

In so holding, we reject defendant's contention that the imposition of consecutive sentences was not necessary to protect the public because defendant is currently serving a 120-year Federal sentence of imprisonment. The consecutive sentences may well be beneficial to the public should defendant's Federal sentence be modified or reduced. See *People v. Freeman* (1989), 182 Ill. App. 3d 731, 538 N.E.2d 681, *appeal denied* (1989), 127 Ill. 2d 626, 545 N.E.2d 119.

Defendant's final contention is that he is entitled to additional credit against his sentence for time served from June 2, 1983 (the date Illinois first charged defendant with rape and murder), to January 8, 1985 (the date Illinois dismissed the charges against defendant with leave to reinstate), and from July 20, 1987 (the date defendant was recharged), to December 24, 1987 (the date defendant was brought back to Illinois). The trial court gave defendant credit for time served from December 24, 1987, to July 18, 1989 (the date of sentencing).

Defendant cites *People ex rel. Bradley v. Davies* (1974), 17 Ill. App. 3d 920, 309 N.E.2d 82, in support of his position. Defendant argues that he should receive credit for time served in foreign jurisdictions while charges were pending in Illinois. We find *Bradley* distinguishable under the facts of this case. In *Bradley*, the defendant was wanted in Illinois for an offense committed in Will County, Illinois. Defendant was apprehended in Indiana and confined there for 89 days. Defendant was granted credit for the time served in Indiana. No charges were ever filed against defendant in Indiana. She was simply held in Indiana until she could be returned to Illinois.

■ In the case before us, defendant was serving a 120-year Federal sentence of imprisonment, and the State of Missouri had charged him with murder. He was not confined by Missouri and Federal authorities simply because Illinois charges were pending against him.

Defendant also cites *People v. Higgerson* (1987), 157 Ill. App. 3d 564, 510 N.E.2d 574, in support of his position. We find *Higgerson* to be distinguishable. In *Higgerson*, only one county was involved. Here, three governments were involved: the United States, Missouri, and Illinois. While none of the following are directly on point, we find that the circumstances involved in these cases, *People v. Wiseman* (1990), 195 Ill. App. 3d 1062, 553 N.E.2d 46, *appeal denied* (1990), 133 Ill. 2d 571, 561 N.E.2d 705, *People v. McLemore* (1990), 203 Ill. App. 3d 1052, 561 N.E.2d 465, and *People v. Clark* (1989), 188 Ill. App. 3d 130, 544 N.E.2d 32, *appeal denied* (1989), 128 Ill. 2d 666, 548 N.E.2d 1072, are closer to the facts of this case than *Davies* and *Higgerson*. We conclude that defendant is not entitled to any additional credit for time served against his sentence.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HOWERTON and LEWIS, JJ., concur.