# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1002EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District of |
| | * | Arkansas. |
| Ronnell McCrary, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2000

Filed: August 9, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Ronnell McCrary, the defendant in this case, pleaded guilty to violating the False Claims Act, 18 U.S.C. § 287, and the District Court[1] sentenced him to three years and one month (37 months) in prison. Mr. McCrary is also subject to an eight-year sentence in the State of Texas. It is undisputed that the two sentences are to run concurrently. The question presented in this appeal is where the sentences are to be

_____

[1]The Hon. James M. Moody, United States District Judge for the Eastern District of Arkansas.

served. The defendant argues that he should serve his federal time first. The United States, having determined through the Bureau of Prisons to relinquish custody of the defendant to the State of Texas, contends that the state time should be served first. Presumably, the 37-month federal sentence will already have expired before the state sentence has been fully served, but we cannot tell that for sure, because the state sentence may be subject to parole. In any case, the issue on appeal has to do with who gets custody of the defendant first – a federal penitentiary or the State of Texas.

I.

In 1995, the defendant was convicted of possession of cocaine in Oldham County, Texas. A sentence of ten years on probation was imposed. In 1998, the defendant was charged with a violation of 18 U.S.C. § 287 in the Eastern District of Arkansas. Shortly thereafter, the State of Texas issued a probation-revocation warrant for the defendant.

The defendant turned himself in at the federal courthouse in Little Rock, Arkansas, on April 28, 1998. A Magistrate Judge denied bond and ordered that the defendant be detained pending appeal. On June 24, 1998, the defendant pleaded guilty to the federal charge. On August 24, 1998, the District Court held a sentencing hearing. The defendant presented to the Court a letter from the County Attorney from Oldham County, Texas, stating as follows:

> . . . [t]he State of Texas hereby waives primary jurisdiction
> and primary custody of Ronnell McCrary, the Defendant in
> the above mentioned cases, so that Mr. McCrary's custody
> lies with the United States of America.

The defendant asked the District Court to designate the United States as the "primary sovereign" with custody, so that, in the defendant's view, he would be incarcerated in

an institution run by the Federal Bureau of Prisons and would serve the 37-month federal sentence before being returned to the custody of the State of Texas. The conditions of confinement in a federal institution, in the defendant's view, would be more favorable, and, in addition, the Texas sentence might have become subject to parole before the expiration of 37 months. The United States did not respond to the defendant's request, and, at sentencing, the District Court specified that the United States would have primary custody.

The next day, August 25, 1998, the State of Texas imposed an eight-year sentence for violation of probation on the state drug charge.

The defendant remained, physically, in the custody of the Bureau of Prisons. In October, the Bureau informed the District Court that it had decided to return the defendant to Texas custody. The defendant objected to this action, claiming that it would conflict with the Court's earlier determination that the United States would have primary custody in the case. The District Court disagreed, and declined to modify the sentence in such a way as to prevent defendant's transfer to Texas custody. From this decision the defendant now appeals.

## II.

Initially, the defendant contends that the judgment of the District Court became final on August 25, 1998, when the judgment was entered. At that time, the argument runs, the District Court conclusively determined that the defendant would be in the primary custody of the United States, and that he would serve the initial 37 months of both sentences in an institution maintained by the Federal Bureau of Prisons. The United States did not appeal from this determination, and the Court's later action, clarifying its order in such a way as to permit transfer of the defendant to the State of Texas, was entered without jurisdiction, according to the defendant's contention. The United States had 30 days to appeal the sentence, see Fed. R. App. P. 4(b), and it never

did so.  Sentences imposed as a result of any clear error may be modified within seven days, see Fed. R. Crim. P. 35(c), but no such timely action was taken.  Therefore, the defendant argues, we have no jurisdiction to entertain the government's arguments.

We reject this contention.  On August 24, 1998, the District Court sentenced the defendant "to the custody of the Bureau of Prisons for imprisonment for a term of 37 months."  Sentencing Tr. at 11.  The Court later made a finding on the record that the defendant was "in the custody of the United States of America."  Id. at 13.  We do not believe that the government is in default for not having appealed from this determination.  The question presented, in our view, is the meaning of the phrase "in the custody of the United States."  According to the defendant, who has appealed from the District Court's later decision making the matter explicit, this phrase means "in an institution maintained by the Federal Bureau of Prisons."  According to the United States, the phrase means "in an institution to which the Bureau of Prisons has the legal authority to commit a defendant."  We must decide the merits of that issue, and the government's failure to file a notice of appeal from a judgment using the phrase "custody of the United States" is not material.

### III.

We find no fault with the District Court's action in this case.  The defendant is subject to two lawful sentences of imprisonment, one by the United States and one by a state.  The exercise of jurisdiction over him is solely a question to be determined between those two sovereignties, and is not subject to attack by the prisoner.  Notwithstanding the earlier action of the County Attorney of Oldham County, Texas, the State of Texas later decided, at the request of the Federal Bureau of Prisons, to accept defendant.  We do not think that defendant has any standing to question this decision.  If the place of his incarceration had been a bargained-for term of a plea agreement, as was the case in United States v. Shumate, 893 F. Supp. 137 (N.D.N.Y. 1995), a different question would be presented.  But that is not the case here.

Defendant had already pleaded guilty to the federal charge when the question of his place of incarceration arose, and the plea agreement said nothing about that question. Derengowski v. United States Marshal, 377 F.2d 223 (8th Cir. 1967), is instructive on the point. There, although in a somewhat different context, we said:

> "[A defendant] may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. . . . Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."

Id. at 224 (quoting Ponzi v. Fessenden, 258 U.S. 254, 260 (1922) (citations omitted).

So, in this case, the defendant was committed to the custody of the United States by the District Court. The United States thereafter determined to require the defendant to serve his federal sentence in the custody of the State of Texas. This is a matter solely for the decision of the two sovereigns. The Bureau of Prisons has clear statutory authority to make this kind of decision. See 18 U.S.C. § 3621(b), which provides, in pertinent part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise.

(Emphasis supplied.)

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.