# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1991

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Hansel E. Cain, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

———————

Submitted: May 2, 2001
Filed: May 4, 2001

———————

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Hansel E. Cain pleaded guilty in October 1999 to possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d); approximately one month after his guilty plea, he pleaded guilty in a Missouri court to possessing drugs, and the state court sentenced him to 5 years imprisonment. At sentencing on the instant firearm charge, the district court[1] assigned 3 points to the Missouri drug-possession sentence, over Cain's objection that it was not a prior sentence because he had pleaded guilty to and

_____

[1]The HONORABLE NANETTE K. LAUGHERY, United States District Judge for the Western District of Missouri.

been sentenced for the state offense after his plea to the federal offense. Also over Cain's objection, the district court imposed his 120-month sentence for the instant offense consecutively to the 5-year state sentence. Cain appeals, asserting error based on these two rulings. We affirm.

Initially, we note that even if the district court had wrongly assigned points to Cain's state sentence, the error would be harmless because his remaining criminal history points would still earn him the same criminal history category. See United States v. Tiger, 223 F.3d 811, 812-13 (8th Cir. 2000). In any event, Cain's Missouri sentence was properly treated as a prior sentence. It was imposed after Cain possessed the unregistered firearm (in August 1998) but before he was sentenced for it, and it was for conduct unrelated to the firearm possession. See U.S.S.G. § 4A1.2, comment. (n.1). The district court also did not err in imposing Cain's sentence consecutively to his Missouri sentence. The court explicitly considered other sentencing options, Cain's age, the type of prior sentence he was serving, the effect a concurrent sentence would have on the state sentence, and the need to protect the public. See U.S.S.G. § 5G1.3(c), p.s., & comment. (n.3) (describing relevant statutory factors court should consider).[2]

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] Although Cain complains that he should serve his federal sentence first, this is a decision left to the two sovereigns. See 18 U.S.C. § 3621(b); United States v. McCrary, 220 F.3d 868, 871 (8th Cir. 2000).