**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WALTER L. HARVEY,

      Petitioner - Appellant,

v.

E. J. GALLEGOS,

      Respondent - Appellee.

No. 08-3020

(D. Kansas)

(D.C. No. 5:05-CV-03119-RDR)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

      Walter Harvey, a federal prisoner appearing pro se, appeals the dismissal

by the United States District Court for the District of Kansas of his application for

relief under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    DISCUSSION

In 1983 Mr. Harvey was tried in the United States District Court for the Eastern District of Missouri, and convicted of kidnapping, transportation of a stolen vehicle across state lines, interstate transportation of a female for immoral purposes, and unlawful use of a firearm. *See United States v. Harvey*, 756 F.2d 636 (8th Cir. 1985). He was sentenced to 120 years' imprisonment. While serving his federal sentence, he was sentenced to death in Missouri state court for committing a murder. Under the authority of 18 U.S.C. § 4082 (1973) (authorizing U.S. Attorney General to designate the place of confinement where a sentence imposed by a federal court shall be served), the U.S. Bureau of Prisons (BOP) transferred him to the Missouri Department of Corrections (MODOC) for concurrent service of his state and federal sentences.

In 1985 Mr. Harvey filed in the United States District Court for the Western District of Missouri an application for habeas relief under 28 U.S.C. § 2241, challenging his transfer to the MODOC. *See Harvey v. United States*, 615 F. Supp. 1046 (W.D. Mo. 1985). The court denied relief, stating that "it is obvious that the [MODOC] has been appropriately designated pursuant to the authority conferred by Section 4082 as the place of confinement where petitioner's federal sentence shall be served." *Id*. at 1048.

While the § 2241 application was pending, the Missouri Supreme Court reversed Mr. Harvey's death sentence and remanded the case for retrial. On

August 2, 1985, the BOP issued a federal detainer for Mr. Harvey's return to federal custody upon completion of his Missouri sentence. Ultimately, however, Mr. Harvey was again convicted and sentenced to life in prison. It also appears that in 1989 he was convicted in Illinois state court on charges of murder and rape.

During his incarceration in state prison, Mr. Harvey was advised of the reason for his placement in the custody of the MODOC. By letter dated December 13, 1999, the BOP informed him:

> This is in response to your recent correspondence to this office. Your federal sentence commenced on June 10, 1983. On March 8, 1985, the federal government relinquished primary jurisdiction to the state of Missouri. The Bureau of Prisons (Bureau) designated the Missouri Department of Corrections (MODOC), as the designated institution for service of your federal sentence, thereby making it operate concurrently with your Missouri sentence.
>
> . . .
>
> The federal government has a vested interest in your continued incarceration until you have met your obligation in regards to your federal sentence. If you parole from your Missouri state sentence prior to being granted release from your federal sentence, the U.S. Marshals Service will assume custody of you, and a federal institution will be designated for service of the remainder of your federal sentence.

R. Doc. 6, Attach. A, Ex. 4. When Mr. Harvey was paroled by Missouri on March 24, 2004, he was returned to the custody of the BOP to serve the remainder of his federal sentence. He has been incarcerated at the federal penitentiary in Leavenworth, Kansas.

On March 9, 2005, Mr. Harvey filed the present application for relief under § 2241. The district court construed the application as presenting two principal contentions: (1) that "his present federal confinement is unlawful because BOP relinquished all custody and jurisdiction over him when they transferred him to Missouri in 1984," R. Doc. 14 at 3; and (2) that his confinement by the BOP is unlawful "because federal authorities failed to take any action to assert jurisdiction and custody over him throughout his extradition between Missouri and Illinois," *id*. The court denied Mr. Harvey's application on the ground that "the record clearly establishe[d] [Mr. Harvey's] continuous service of his federal sentence throughout his extensive criminal litigation in Missouri and Illinois," *id*., and that the Western District of Missouri had "previously determined that [his] transfer to the State of Missouri for continued service of [his] federal sentence was lawful and in full compliance with 18 U.S.C. § 4082," *id*.

On appeal Mr. Harvey repeats his claims. He contends that (1) his federal confinement is unlawful because the BOP "had permanently relinquished custody" over him, Aplt. Br. at 6, when it transferred him to the custody of the State of Missouri and failed to intervene after he had been transferred from Missouri to Illinois and then back to Missouri; and (2) he has been serving his federal sentence "in a piece-meal fashion and or in installments," *id*. at 16. He requests immediate release from BOP custody.

We review de novo a district court's denial of relief under § 2241.

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Because Mr. Harvey is

representing himself on appeal, we construe his pleadings liberally.  *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

Mr. Harvey's claim that BOP "relinquished custody" when it transferred

him to Missouri custody is without merit.  As we have explained:

> Under 18 U.S.C. § 3621(b), the Bureau of Prisons, exercising the
> same discretion previously vested in the Attorney General under
> repealed provisions of 18 U.S.C. § 4082, may direct confinement in
> any available facility and may transfer a prisoner from one facility to
> another any time.  Moreover, state and federal prisoners generally
> enjoy no constitutional right to placement in any particular penal
> institution.

*Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469 n.3 (10th Cir. 1992).  Thus,

the BOP did not abandon custody over Mr. Harvey when it transferred him to the

MODOC for service of his federal sentence, and he cannot challenge that

decision.  *See United States v. McCrary*, 220 F.3d 868, 870–71 (8th Cir. 2000)

(federal prisoner generally has no standing to challenge the BOP's decision to

transfer him to state custody for concurrent service of federal and state

sentences).

We also reject Mr. Harvey's claim that he has been serving his federal

sentence in a piecemeal fashion.  The BOP informed him that it retained custody

over him and that the MODOC had been designated as the place of confinement

for concurrent service of his sentences.  He has received credit on his federal

sentence for all time served in state custody since his federal sentence was imposed.

Mr. Harvey raises on appeal several issues that he did not present to the district court, such as the alleged denial of his rights under the Interstate Agreement on Detainers Act. We decline to address them. *See King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002) (As a general rule, "this court will not consider an issue on appeal that was not raised below.").

## II.   CONCLUSION

We AFFIRM the district court's dismissal of Mr. Harvey's § 2241 application and DENY his "Motions to Issue Writ of Habeas Corpus."

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge