FILED
United States Court of Appeals
Tenth Circuit

December 8, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WALTER LEE HARVEY,

　　　　Plaintiff - Appellant,

v.

MISSOURI DEPARTMENT OF
CORRECTIONS; UNITED STATES
MARSHAL SERVICE; FEDERAL
BUREAU OF PRISONS; and UNITED
STATES JUSTICE DEPARTMENT,

　　　　Defendants - Appellees.

No. 14-3153
(D.C. No. 5:13-CV-03188-SAC)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

　　　　Walter Harvey appeals the district court's dismissal of his *pro se*[1] civil

rights action as frivolous.  He also moves to proceed *in forma pauperis* on appeal.

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1]  Consequently, we review his petition liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the dismissal,

DENY the motion to proceed *in forma pauperis*, and assess two strikes under 28

U.S.C. § 1915(g).

## I. Background

In 1983, Harvey was convicted in federal court of several crimes and

sentenced to 120 years in prison. The relevant facts are as follows. In 1982,

Harvey and a partner carjacked and kidnaped a married couple in Missouri.

*United States v. Harvey*, 756 F.2d 636, 638 (8th Cir. 1985).[2] While still in

Missouri, the partner shot and killed the husband in a struggle. *Id.* The two

kidnappers drove the vehicle into Illinois, where they raped and murdered the

wife. *Id.*

While serving his federal sentence, Harvey was convicted of capital murder

in Missouri state court and sentenced to death. In 1985, pursuant to its statutory

and regulatory authority, the federal Bureau of Prisons (BOP) transferred him to

the Missouri Department of Corrections (MODOC) to serve his state and federal

sentences concurrently.[3]

---

[2] We take judicial notice of the facts recited in another circuit's disposition of this matter—"federal courts, in appropriate circumstances, may take notice of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

[3] The relevant statute gave the Attorney General power to "designate as a
(continued...)

That same year, Harvey filed a habeas application challenging his MODOC transfer. He claimed the MODOC lacked jurisdiction to confine him because the transfer did not comply with federal law. The district court rejected that claim, because "under [18 U.S.C § 4082], the place of a federal prisoner's confinement is vested in the discretion of the Attorney General or his authorized delegate," and that discretion had been appropriately exercised. *Harvey v. United States*, 615 F. Supp. 1046, 1048 (W.D. Mo. 1985).

Also in 1985, however, the Missouri Supreme Court vacated Harvey's death sentence and remanded the case for retrial. He was subsequently convicted again, but this time sentenced to life without parole for fifty years. *See* R., Vol. I at 42; *see also State v. Harvey*, 730 S.W.2d 271, 272 (Mo. Ct. App. 1987). On appeal, this sentence was again vacated and the case once again remanded. In the end, Harvey was convicted in Missouri of the murder of the husband and sentenced to life with the possibility of parole. *See* R., Vol. I at 42; *see also Harvey v. Gallegos*, 2008 WL 58776. He was also convicted in Illinois of the

<hr />

[3](...continued)
place of confinement" any "institution or facility, whether maintained by the Federal Government or otherwise" and to "at any time transfer [inmates] from one place of confinement to another." 18 U.S.C. § 4082(b) (1982). Regulations authorized the BOP director to exercise the Attorney General's corrections-related powers. *See* 28 C.F.R. § 0.96 (1985). Congress subsequently repealed that portion of § 4082 and statutorily vested that power in the BOP under 18 U.S.C. § 3621(b), using substantially similar language. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992); *see also* 18 U.S.C. § 3621(b).

-3-

murder and rape of the wife. *See People v. Harvey*, 571 N.E.2d 1185, 1187 (Ill. App. Ct. 1991).

Harvey repeatedly assailed the legitimacy of his state incarceration in correspondence with the BOP. We quoted the BOP's clear response in one of our previous dispositions of Harvey's claims: "[T]he federal government relinquished primary jurisdiction [over Harvey] to the state of Missouri" and the BOP "designated the [MODOC] as the designated institution for service of [Harvey's] federal sentence, thereby making it operate concurrently with [his] Missouri sentence." *Harvey v. Gallegos*, 290 F. App'x 142, 143 (10th Cir. 2008). Thus, the federal government retained a "vested interest" in Harvey's continued incarceration until he had satisfied his federal sentence. *Id.* at 144.

Harvey remained in state custody until he was paroled in March 2004. Most of that time was spent in Missouri, although he spent time in the custody of Illinois pursuant to his conviction there.[4] After his parole, he was returned to BOP custody. In 2005, he filed a *pro se* habeas petition in the District of Kansas, which the court construed as raising two claims: (1) that his federal confinement was unlawful because the BOP relinquished all custody and jurisdiction over him

---

[4] The record is unclear regarding the length of Harvey's Illinois incarceration. A 1993 letter sent to the Illinois Attorney General's Office (apparently from the MODOC) states that Harvey was released to Illinois authorities in 1987. R., Vol. I at 42. The record does not reveal the precise date of his return to Missouri, although Harvey claims it occurred in 1994. Aplt. Br. 7–8. As will become clear, these dates have no effect on our judgment today.

when it transferred him to Missouri in the mid-1980s and (2) that the confinement was unlawful because federal authorities "failed to take any action to assert jurisdiction and custody over him throughout his extradition between Missouri and Illinois." *Harvey*, 290 F. App'x at 144.

That court denied the petition because "the record clearly establishe[d]" Harvey's "continuous service of his federal sentence throughout his extensive criminal litigation in Missouri and Illinois." *Id.* It further concluded that the Western District of Missouri's 1985 decision had "previously determined that [his] transfer to the State of Missouri for continued service" of his federal sentence was "lawful and in full compliance" with 18 U.S.C. § 4082. *Id.*

On appeal, we rejected Harvey's claims and affirmed because "[u]nder 18 U.S.C. § 3621(b), the [BOP], exercising the same discretion previously vested in the Attorney General under repealed provisions of 18 U.S.C. § 4082, may direct confinement in any available facility and may transfer a prisoner from one facility to another [at] any time." *Id.* (quoting *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). We further concluded that Harvey could not challenge the BOP's decision because federal prisoners generally lack standing to challenge a BOP transfer decision. *Id.*

The present case commenced in 2013, when Harvey filed an action based on 42 U.S.C. § 1983 and *Bivens*.[5]  Liberally construed, this claim essentially duplicates his claim in his 2005 habeas petition that the BOP lost the power to detain him when it transferred him to the MODOC's custody in the mid-1980s.  Harvey claims his continued detention is consequently unconstitutional.  The district court found the suit deficient in several respects and ordered Harvey to correct the deficiencies within thirty days.  Harvey's response failed to correct the deficiencies, and the court dismissed the suit both as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and as failing to state a claim.  Harvey appeals.

## II.  Analysis

Frivolous claims lack "an arguable basis either in law or in fact."  *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).  Abuse of discretion review generally applies to a district court's dismissal for frivolousness under 28 U.S.C. § 1915, although we review de novo determinations that turn "on an issue of law."  *Id.*

Harvey's claim suffers from two fatal flaws.  First, it challenges the "fact or duration of his confinement."  *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).  And although "[a] prisoner may use § 1983 to challenge the *conditions* of his confinement," habeas is "the only avenue for a challenge to the

---

[5]  *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement." *Id.* The district court properly dismissed this suit under *Boutwell*.

As best we can tell, Harvey has only two responses. The first is his assertion that civil rights suits are the proper vehicle for challenging the conditions of confinement. As noted, that is true, but inapplicable here. He then claims that the issues in this latest appeal differ from the issues in his prior habeas petition. Our description of that petition when we reviewed it in 2008 belies that claim. And even if it were true, it would have no bearing on the impropriety of bringing these claims in a civil rights action.

Second, even if we reached the merits of Harvey's "illegal detention" claim, we would reject it for the same reasons we rejected it when brought as a habeas claim. *See Harvey*, 290 F. App'x at 144.[6] As noted, the BOP unquestionably had the power in 1985 to transfer Harvey to MODOC custody for concurrent service of his state and federal sentences. And Harvey offers no persuasive arguments that this transfer somehow stripped the BOP of its power to detain him if the state granted him parole in the future.

Contrary to his claims that he "is not required to present arguments" during the suit's initial stages, Aplt. Br. 11, his conclusory assertions that the BOP

---

[6] We need not decide whether doctrines like res judicata might apply here. Because the claim is clearly frivolous for other reasons, it suffices to say that our treatment of the merits here would track our previous analysis.

lacked power and jurisdiction to confine cannot sustain this action. And as the record reflects, Harvey has been advised repeatedly that the BOP had the power to make this transfer and that it retained jurisdiction and custody over him with respect to his federal sentence.

Because Harvey's appeal is plainly frivolous, we need not discuss the multiple other flaws the district court found in the suit, many of which Harvey fails to address on appeal.[7]

Lastly, we deny Harvey's motion to proceed *in forma pauperis*; he showed no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Harvey's complaint. We DISMISS Harvey's appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and assess two strikes against him. Finally, we DENY Harvey's motion to proceed *in forma pauperis* on appeal and require immediate

---

[7] For example, Harvey fails to dispute the court's conclusion that none of the named defendants were "persons amenable to civil suit under § 1983" and that the District of Kansas is not the proper venue for this suit because none of the named defendants reside there. R., Vol. I at 89.

payment of Harvey's unpaid balance due.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge