**Darrell PROWS, Plaintiff–Appellant,**

v.

**FEDERAL BUREAU OF PRISONS; United States Parole Commission; Anthony Belaski, Warden, In His Official Capacity, Defendants–Appellees.**

**Nos. 92–1245, 92–1301.**

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1992.

---

Submitted on the briefs *:

Darrell Prows, pro se.

Before MOORE and TACHA, Circuit Judges, and SAFFELS,** Senior District Judge.

JOHN P. MOORE, Circuit Judge.

Plaintiff, a federal inmate currently incarcerated in the Federal Correctional Institution (FCI) at Phoenix, Arizona, commenced this action primarily to obtain injunctive relief with respect to various aspects of the conditions of his confinement at FCI Englewood, Colorado, as well as an order compelling his placement in a halfway house or community correction center pursuant to 18 U.S.C. § 3624(c). Defendants filed a motion for dismissal or summary judgment, which was referred to the magistrate judge. Shortly thereafter, plaintiff, who had been placed in administrative segregation and eventually transferred to FCI Phoenix while this case was pending in district court, filed a motion for additional injunctive relief, alleging retaliation for the exercise of his constitutional rights of free speech and access to the courts. Following an evidentiary hearing on both motions, the magistrate judge issued a recommendation to grant plaintiff relief with respect to the retaliation motion and one other matter, but to rule in defendants' favor on the rest of the claims asserted in the complaint. The district court approved the magistrate's recommendation, with some minor alteration, and these appeals followed.[1]

---

* After examining plaintiff-appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.-1.9. The cases are therefore ordered submitted without oral argument.

** Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. While the district court's order of June 10, 1992, did not effect a final disposition of all claims asserted in the case, and plaintiff's appeal therefrom (No. 92–1245) was consequently premature, that problem was cured when final judgment was entered on September 10, 1992. *See Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir.1988) (en banc). Plaintiff's subsequent appeal (No. 92–1301), however, was necessary to preserve for review the final adjudica-

Plaintiff raises two issues on appeal. First, he maintains the district court erred when, after finding he had been impermissibly transferred to FCI Phoenix for retaliatory reasons, it did not order him returned to FCI Englewood but, rather, limited its injunctive relief to expungement of any negative information surrounding the transfer. Second, plaintiff challenges the district court's conclusion that § 3624(c) does not bestow upon federal inmates an enforceable entitlement to any particular form of pre-release custody. For the reasons that follow, we reject both of plaintiff's contentions and affirm the judgment of the district court.

### Injunctive Relief for Retaliatory Transfer [2]

After hearing testimony from inmates and staff of FCI Englewood, the magistrate judge concluded that plaintiff's return to the facility would be unwise and unsafe, given the level of animosity he had evoked from both groups. Accordingly, the magistrate judge recommended limited injunctive relief devised to ameliorate the collateral consequences associated with plaintiff's improper transfer and at the same time to accommodate important concerns of institutional and personal security weighing against reversal of the transfer itself. The district court agreed with the magistrate judge's reasoning, ordered all pertinent adverse material stricken from plaintiff's records, and denied plaintiff's request for return to FCI Englewood.

■■■ The decision to grant or deny an injunction lies within the sound discretion of the district judge, whose judgment will not be disturbed absent an abuse of that discretion. *International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R.*, 850 F.2d 368, 374 (8th Cir.1988), *cert.*

*denied*, 489 U.S. 1010, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989); *International Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 94 (3d Cir.1987). Indeed, under appropriate circumstances, the district court may justifiably withhold injunctive relief altogether even though the law has been violated by the party sought to be enjoined. *See Weinberger v. Romero–Barcelo*, 456 U.S. 305, 313, 320, 102 S.Ct. 1798, 1803, 1807, 72 L.Ed.2d 91 (1982); *Woerner v. United States Small Business Admin.*, 934 F.2d 1277, 1279–80 (D.C.Cir. 1991). It is worth emphasizing that we do not have such an extreme case here, as the district court did not wholly deny plaintiff redress for defendants' impermissible conduct, but merely tailored the relief granted to meet the exigencies of the prison context.

■■■ On appeal, plaintiff has not challenged the district court's determination that his return to FCI Englewood would create security problems. To the contrary, plaintiff specifically asks that, upon his return to the facility, he "be placed, in some manner, under the continuing protection of the court[,]" arguing that "a protective order to handle this situation would not really be that difficult to fashion, and ... could be done in such a way as to create the minimum of disruption to the Court and the prison." Appellant's Opening Brief at 2. With the issue framed in this manner, we are concerned solely with the equitable balance struck by the district court between valid but competing considerations. On the one hand, there is plaintiff's legitimate interest in reversing *all* the effects of defendants' retaliatory conduct, including plaintiff's otherwise permissible assignment to FCI Phoenix.[3] On the other, there is the

tion of September 10 itself. *See Nolan v. United States Dep't of Justice*, 973 F.2d 843, 846 (10th Cir.1992). Together, then, these appeals encompass the entire proceedings in the district court. They are considered in tandem here in accord with routine circuit practice. *Id.*

**2.** In light of defendants' election not to pursue an appeal from the district court's adverse determination on the merits of the retaliation claim,

our review of the relief afforded plaintiff must assume the validity of that underlying finding.

**3.** Under 18 U.S.C. § 3621(b), the Bureau of Prisons, exercising the same discretion previously vested in the Attorney General under repealed provisions of 18 U.S.C. § 4082, may direct confinement in any available facility and may transfer a prisoner from one facility to another at any time. Moreover, state and federal pris-

recognized institutional interest in the maintenance of internal order and security, over which the federal courts must accord wide-ranging deference to the expertise of prison officials, *see Hewitt v. Helms*, 459 U.S. 460, 467, 472, 103 S.Ct. 864, 869, 871, 74 L.Ed.2d 675 (1983); *Dunn v. White*, 880 F.2d 1188, 1191 (10th Cir.1989), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990). Thus, in our view, this case involves precisely the kind of judgment call best left to the firsthand assessment and practical insight of the district court. We will not disturb the prudent exercise of discretion reflected in the particular form of injunctive relief fashioned here, which we consider the antipode of "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Hernandez–Herrera*, 952 F.2d 342, 343 (10th Cir.1991) (defining abuse of discretion) (internal quotation omitted).

### *Pre-release Custody under § 3624(c)*

■ We review the district court's construction of § 3624(c) de novo. *See FDIC v. Canfield*, 967 F.2d 443, 445 (10th Cir. 1992) (en banc), *petition for cert. filed*, —— U.S. ——, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992). As in all cases of statutory interpretation, we begin with the plain language of the law, which, absent clearly expressed legislative intent to the contrary, must ordinarily be deemed conclusive. *Id.* The statute provides as follows:

> Pre-release custody.—The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served

under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

It is important to note the particular, limited nature of the issue raised by plaintiff. He contends only that the quoted language mandates nonprison placement for federal prisoners prior to release. He does not argue alternatively that, should the Bureau of Prisons retain discretion in this regard, his present placement would still constitute a violation of a broader obligation to provide at least some pre-release treatment conducive to successful re-entry into the community, whatever the facility of incarceration.

With these considerations in mind, our resolution of this appeal becomes a fairly straightforward matter. While there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period. *See United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society."). This omission is especially significant in

---

oners generally enjoy no constitutional right to placement in any particular penal institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48, 103 S.Ct. 1741, 1744–47, 75 L.Ed.2d 813 (1983) (interstate transfer of state prisoner); *Meachum v. Fano*, 427 U.S. 215, 225–28, 96 S.Ct. 2532, 2538–40, 49 L.Ed.2d 451 (1976) (intrastate transfer of state prisoner); *Brown–Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983) (*Olim* and *Meachum* equally applicable in federal context). Of course, "'[w]hile a prisoner enjoys no constitutional right to remain in a particular institution ..., prison officials do not have the discretion to punish an inmate for exercising his

first amendment rights by transferring him to a different institution.'" *Frazier v. Dubois*, 922 F.2d 560, 561–62 (10th Cir.1990) (quoting *Murphy v. Missouri Dep't of Correction*, 769 F.2d 502, 503 (8th Cir.1985)); *see Smith v. Maschner*, 899 F.2d 940, 947–48 (10th Cir.1990) (prison officials may not retaliate against inmate for exercise of right of access to courts, even by taking otherwise permissible action). Thus, it is only by way of redress for defendants' retaliatory conduct that plaintiff has any potentially cognizable claim to placement at FCI Englewood.

light of the broad administrative discretion traditionally recognized with respect to the placement of prisoners. *See* authorities cited *supra* note 3.

Plaintiff contends that construing § 3624(c) to provide merely an authorization, rather than a mandate, for nonprison confinement renders superfluous the pre-existing statutory grant of discretionary authority to the Bureau for custodial placement generally, *see id.* On the contrary, as the discussion above illustrates, our interpretation of § 3624(c) as a legislative directive focusing on the development of conditions to facilitate the inmate's adjustment to free society, whatever the institution of pre-release confinement, accepts as a premise that the broader statutory scheme concerning the Bureau's general placement authority remains intact and effective.

Accordingly, the judgment of the United States District Court for the District of Colorado is AFFIRMED. Defendants' motion for extension of briefing or stay of appeal is denied as moot.