33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AMERICAN CONSTITUTIONAL LAW FOUNDATION, INC.; David Aitken;
Jon Baraga; Craig C. Eley; Jack Hawkins; Lonnie Haynes;
Alden Kautz; Bill Orr, individually and as the parent and
guardian of William David Orr; William David Orr,
Plaintiffs-Appellants,
v.
Natalie MEYER, as Secretary of State for the State of
Colorado; Natalie Meyer, individually; Douglas Brown, as
Director of Legislative Legal Services for the State of
Colorado; Douglas Brown, individually, Defendants-Appellees.
 No. 93-1274.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs-appellants appeal from the denial of a preliminary injunction. We exercise jurisdiction under 28 U.S.C. 1292(a)(1) and affirm.
 
 
 4
 Plaintiffs filed suit under 42 U.S.C.1983 attacking the constitutionality of a bill passed by the Colorado Legislature in 1993, SB 93-135 (codified at Colo.Rev.Stat. 1-40-101 to -133 (Supp.1993)). The bill governs the initiative and referendum processes through which proposed issues may be placed on the ballot. The legislature attached a "safety clause" to the bill, providing that the legislation was necessary for the immediate preservation of peace, health, and safety. The Colorado Constitution, which grants the rights of initiative and referendum, Colo. Const. art V, 1(1), (2), (3), provides that when such a clause is attached to legislation, a referendum may not be ordered, id. at 1(3). Van Kleeck v. Ramer, 156 P. 1108, 1108 (Colo.1916)(en banc). With the attachment of the safety clause, plaintiffs were barred from petitioning for referendum of SB 93-135.
 
 
 5
 In support of their motion for a preliminary injunction, plaintiffs argued they had been deprived of their First Amendment right to petition for referendum of SB 93-135 by the attachment of the safety clause. Plaintiffs requested the district court to strike the safety clause from SB 93-135 and order defendant Natalie Meyer to convene a title board and to proceed with the process of authorizing a referendum petition.
 
 
 6
 Denying plaintiffs' motion for a preliminary injunction, the district court found plaintiffs had not demonstrated they would ultimately prevail on their contention that the Colorado legislature's use of the safety clause violated the First Amendment. Nor had plaintiffs shown they would suffer irreparable injury unless the injunction issued, the court concluded.
 
 
 7
 To obtain a preliminary injunction, the moving party must demonstrate
 
 
 8
 (1) [it] will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.
 
 
 9
 Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir.1986). Whether an injunction should issue is a matter committed to the sound discretion of the district court judge. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468 (10th Cir.1992), cert. denied, 114 S.Ct. 98 (1993). Absent a showing of an abuse of that discretion, we will not disturb the district court's decision. Id.
 
 
 10
 For substantially the reasons stated by the district court, we affirm the denial of the preliminary injunction.[2] Through the referendum process, plaintiffs seek access to the ballot: they want the voters to decide whether to approve or reject SB 93-135. Examining " 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff[s] seek[ ] to vindicate,' " Burdick v. Takushi, 112 S.Ct. 2059, 2063 (1992)(quoting Anderson v. Celebrezze, 460 U.S. 780, 789 (1983)), we cannot conclude that the First Amendment requires that plaintiffs have access to the referendum procedure. See Kelly v. Macon-Bibb County Bd. of Elections, 608 F.Supp. 1036, 1038 (M.D. Ga.1985)("[R]eferendums ... are not constitutionally compelled."). Although the attachment of the safety clause to SB 93-135 precludes a referendum challenge, it does not unconstitutionally restrict plaintiffs' access to the ballot. Plaintiffs remain free, under the initiative power reserved to the people by the Colorado Constitution, art. V, 1(2), to propose any measure by petition. We hold that plaintiffs did not sufficiently demonstrate they would prevail in proving a First Amendment violation. See Burdick, 112 S.Ct. at 2065 (reasoning that burden imposed by restricted method of ballot access was limited when alternative methods of access existed).
 
 
 11
 Further, even assuming plaintiffs proved a First Amendment violation, they failed to demonstrate the preliminary injunction was necessary to protect them from irreparable injury. Plaintiffs could seek relief from the effects of SB 93-135 through the initiative procedure.
 
 
 12
 Unable to conclude that the district court abused its discretion, we AFFIRM the judgment of the United States District Court for the District of Colorado. Appellees' Motion to Strike Certain Portions of Pro Se Appellants' Supplemental Appendix is DENIED as moot.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiffs requested an injunction to issue by August 11, 1993, the date on which the ninety-day period for bringing a referendum challenge would expire. Because that date has long passed, this court directed the parties to show cause why this matter is not moot. After considering the parties' responses, we deem it appropriate to exercise our jurisdiction. At the preliminary injunction hearing, plaintiffs requested the district court to restart the ninety-day period. Had the district court granted the requested relief, plaintiffs would have been able to circulate referendum petitions after the original deadline