**UNITED STATES COURT OF APPEALS**
<u>**Filed 5/1/96**</u>
**FOR THE TENTH CIRCUIT**

———

| | |
|---|---|
| JONATHAN DAVID BROWN, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | )     No.95-3404 |
| | )   (D.C. No. 95-CV-3420) |
| JASON GROSS and JANET RENO, | )    (Dist. of Kan.) |
| | ) |
|     Defendants-Appellees. | ) |

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Jonathan David Brown (Brown) appeals the district court's Order dismissing his civil rights action for failure to state a claim.[1]

———

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

[1] Although we agree with the district court that Brown's allegations on appeal are frivolous, we nevertheless grant his Motion for Leave to Proceed <u>In Forma Pauperis</u> in order to reach the merits of this appeal. <u>See</u> (Appendix at A-38).

In 1992, Brown was convicted of accessory after the fact to vandalism of a synagogue, in violation of 18 U.S.C. § 3, and false declarations, in violation of 18 U.S.C. § 1623. He was sentenced to 27 months imprisonment followed by three years of supervised release.

On August 5, 1994, Brown inquired about serving the remaining 10% of his sentence as home confinement under 18 U.S.C. § 3624(c). He was informed that due to the nature of his offense release to home confinement was denied, but told to reapply on September 16, 1994. On September 20, 1994, the Bureau of Prisons denied Brown's second request for release to home confinement.

On October 13, 1995, Brown filed this civil rights complaint under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1985, and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Brown alleged that appellees, while acting outside their official capacities, deprived him of his right to due process and his right to associate under the First and Fifth Amendments when they denied him release to home confinement on the basis of his offense and alleged association with white supremacy groups.

On October 25, 1995, the district court dismissed Brown's complaint <u>sua</u> <u>sponte</u> for failure to state a claim. The district court concluded that under 18 U.S.C. § 3624(c) release to home confinement was at the discretion of the Bureau of Prisons and, therefore, Brown had no right to this type of release. The court

further found that Brown's "complaint reflects no more than the reasonable exercise of discretion by Bureau of Prisons authorities." (Appendix at A-25).

On appeal, Brown argues that the district court abused its discretion in dismissing his complaint sua sponte for failure to state a claim. Brown reiterates his contentions that he was denied his right to associate and his right to due process under the First and Fifth Amendments by the Bureau of Prisons' denial of his request for release to home confinement.

The district court may dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). We review the district court's dismissal and construction of § 3624(c) de novo. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992), cert. denied, ___ U.S. ___ (1993).

18 U.S.C. § 3624(c) provides, in relevant part:

>     (c) **Pre-release custody.**--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. . . .

- 3 -

In <u>Prows</u>, we concluded that the Bureau of Prisons had discre+tion under § 3624(c) regarding where a prisoner was held in pre-release confinement.  981 F.2d at 469-70.  Therefore, the district court did not err in determining that Brown did not have a right to release to home confinement and that his complaint reflected no more than a reasonable exercise of discretion by the Bureau of Prisons.

We **AFFIRM** substantially for the reasons set forth in the district court's Order of October 25, 1995.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge

- 4 -