**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL R. LUNA,

      Plaintiff - Appellant,

    v.

DON HOOVER, Interstate Compact
Administrator,

      Defendant - Appellee.

No. 96-2273
(D.N. Mex.)
(D. Ct. No. CIV 96-901)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

    This appeal is from an order of the district court dismissing under 28 U.S.C. § 1915(e)(2)(B) plaintiff's pro se civil rights complaint on the ground that

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the action is "frivolous or malicious." The district court concluded that plaintiff had failed to assert the violation of a constitutional right in his pro se complaint. We agree and affirm.

We construe pro se petitioner's filings liberally. Plaintiff brings this civil rights action under 42 U.S.C. § 1983 asserting that his constitutional rights were violated when he was transferred from a facility in New Mexico to an out of state facility and, further, by the failure of prison officials to provide adequate law libraries or legal assistance. On appeal here, plaintiff makes further assertions about his inability to pursue habeas corpus relief on the grounds of his institutional "good time." Plaintiff further alleges state-based substantive due process violations. These allegations are apparently also related to the transfer from one prison facility to another.

It is clear that federal prisoners enjoy no constitutional right to placement in a particular prison facility. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992), cert. denied, 520 U.S. 830(1993). Plaintiff here has alleged no unlawful reason for the transfer so the transfer itself cannot be challenged. The Supreme Court recently made clear that plaintiff is required to show some "relevant actual injury" in order to make a constitutional claim for denial of access to the courts as the result of defendant's failure to provide New Mexico legal materials. Lewis v. Casey, ___ U.S.___, 116 S. Ct 2174, 2180 (1996).

2

Petitioner has wholly failed to show such injury. His vague and conclusory allegations on appeal with respect to his inability to study New Mexico law about the use of "good time" credit to support a habeas action fall far short of the kind of actual injury required by Lewis. We agree with the district court that this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint clearly fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Appellant's motions to amend or supplement are granted. **APPEAL DISMISSED**.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

3