F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND LUCERO,

        Plaintiff-Appellant,

v.

GARY JOHNSON, Governor, State of
New Mexico; ROBERT J. PERRY;
and NEW MEXICO DEPARTMENT
OF CORRECTIONS,

        Defendants-Appellees.

No. 01-2165

(D.C. No. CIV-01-292 BB/LFG)

(D. New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner civil rights appeal.  Mr. Lucero seeks

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

damages and equitable relief for alleged violations of his First, Fifth, and Fourteenth Amendment rights, alleging that New Mexico state officials have violated state statutes by housing prisoners in private corrections facilities. Mr. Lucero also alleged that the law libraries in these facilities have been closed and that the mail is being censored. After reviewing Mr. Lucero's complaint, the district court, pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6), dismissed Mr. Lucero's complaint for failure to state a constitutional violation or to establish relevant actual injury. Mr. Lucero appealed to this court. The district court denied a timely-filed Rule 59(e) motion.

Mr. Lucero claims that he has been confined in a private facility under an illegal contract. This claim fails. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468 n.3 (10th Cir. 1992). "[T]he fact that an inmate . . . must reside in[] a private prison[] simply does not raise a federal constitutional claim, though it may be raised procedurally under § 2241." Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000); see also Montez v. McKinna, 208 F.3d 862, 866 n.4 (10th Cir. 2000).

Mr. Lucero also claims that Defendants denied him access to the courts by failing to provide a law library or legal assistance and allegedly censoring his mail. These claims require Mr. Lucero to "establish relevant actual injury."

Lewis v. Casey, 518 U.S. 343, 351 (1996). We agree with the district court that Mr. Lucero failed to established relevant actual injury in this case.

After a thorough review of Mr. Lucero's brief and the record, for substantially the same reasons set forth in the district court's well-reasoned May 11, 2001 Order, we hold that no relief is available to Mr. Lucero.

Appellant's complaint is **DISMISSED**.

Appellant's motion to proceed without prepayment of the filing fee is **GRANTED**. We remind Appellant that he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court:


Monroe G. McKay
Circuit Judge