**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAPHAEL SIMS,

     Plaintiff - Appellant,

v.

GARY JOHNSON, Governor, State of
New Mexico; ROBERT J. PERRY,
Secretary of Corrections; DEPARTMENT
OF CORRECTIONS, NEW MEXICO,

     Defendants - Appellees.

No. 01-2254

(D.C. No. CIV-01-446-LH)

(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Raphael Sims, a state prisoner appearing pro se, appeals the district court's dismissal of his civil rights complaint. We affirm.

In his complaint, Sims alleged he was confined in a private facility under an illegal contract, that he was denied access to the courts as a result of failure to provide a law library or legal assistance, and that his mail was being censored. Sims sought punitive damages in the amount of $100,000, compensatory damages in the amount of $500,000, and five days of jail time credit for each day of incarceration under the illegal contract. The district court found that the complaint contained no factual allegation which would support a conclusion that confinement in the private facility constituted a violation of federal law. The court noted that the Constitution does not ensure access to a law library or legal assistance in the "abstract," but that the main concern was "protecting the ability of an inmate to prepare a petition or complaint," citing Bounds v. Smith, 430 U.S. 817, 828 n.17 (1977). Order at 3. The court found that Sims did not allege any active interference with the preparation and filing of papers. The court also found that Sims' allegation that his mail was being censored asserted no "relevant actual injury" and that the allegation was "squarely contradicted by the fact that Plaintiff's complaint was mailed to the Court." Id. The district court dismissed Sims' complaint pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6). The court denied a timely-filed Rule 59(e) motion.

On appeal, Sims argues that his confinement in a private facility is illegal in that it

is pursuant to a contract which violates N.M. Stat. Ann. § 31-20-2(A)-(G).  "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."  Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468 n.3 (10th Cir. 1992).  "[T]he fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim."  Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000).  See also Montez v. McKinna, 208 F.3d 862, 866 n.4 (10th Cir. 2000).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3