**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDY RAEL,

      Plaintiff - Appellant,

v.

GARY JOHNSON, Governor, State of
New Mexico; ROBERT J. PERRY,
Secretary of Corrections; NEW
MEXICO DEPARTMENT OF
CORRECTIONS,

      Defendants - Appellees.

No. 01-2205
(D.C. No. CIV-01-301-MV/DJS)
(D. New Mexico.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MCKAY**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff-Appellant Andy Rael, a prisoner proceeding pro se, appeals from

the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and we affirm.

Mr. Rael brought this action after we dismissed without prejudice similar claims he raised in a habeas petition because the claims were more appropriately classified as a "conditions of confinement" action under § 1983. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000). On appeal, he argues that New Mexico is without authority under state law to house inmates in a correctional facility in Lea County; that he has been deprived of due process and equal protection because the State has used its prison contracts as a means to comply with limits on overcrowding imposed by a consent decree. Mr. Rael is surely wrong that the state cannot house him in Lea County. See N.M. Stat. Ann. § 31-20-2(G) & 33-1-17(B)(2). His misunderstanding is the result of applying Atty. Gen. Op. 87-53 to the statutes as they now exist–the statutes have been amended. Mr. Rael has no federally protected right in a place of incarceration. We affirm the district court's judgment substantially for the reasons contained in its memorandum opinion and order. I R. doc. 8.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

No. 01-2205 - RAEL v. JOHNSON et al.

**McKAY**, Circuit Judge, concurring:

While I join in the court's disposition of this case, I write separately to express some doubts about this court's precedent which is binding on this panel. The holding of a person in involuntary servitude in a private prison deserves more serious analysis than merely citing cases which say that there is no constitutional right to placement in a particular prison. See Prows v. Federal Bureau of Prisons, 981 F.2d 466 (10th Cir. 1992). Those fountainhead cases all dealt factually with state-owned-and-operated prisons. Both Meachum v. Fano, 427 U.S. 215 (1976), and Olim v. Wakinekona, 461 U.S. 238 (1983), dealt with inter and intrastate transfers within state-owned-and-operated prisons. Neither case dealt with holding state prisoners in private prisons.

Whether a state may transfer its constitutional right to hold convicted persons in involuntary servitude to a private institution raises at least some of the same concerns that would be implicated if states chose to privatize their criminal courts. In addition, it presents questions of their liability as state actors as well as questions of immunity and qualified immunity which deserve serious consideration.

At least, in this case, by addressing the merits of the section 1983 claims, we have impliedly held that this private prison is a state actor for purposes of liability under that section.