McKAY, Circuit Judge,
concurring:
While I join in the court’s disposition of this case, I write separately to express some doubts about this court’s precedent which is binding on this panel. The holding of a person in involuntary servitude in a private prison deserves more serious analysis than merely citing cases which say that there is no constitutional right to placement in a particular prison. See Prows v. Federal Bureau of Prisons, 981 F.2d 466 (10th Cir.1992). Those fountainhead cases all dealt factually with state-owned-and-operated prisons. Both Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), dealt with inter and intrastate transfers within state-owned- and-operated prisons. Neither case dealt with holding state prisoners in private prisons.
Whether a state may transfer its constitutional right to hold convicted persons in involuntary servitude to a private institution raises at least some of the same concerns that would be implicated if states chose to privatize their criminal courts. In addition, it presents questions of their liability as state actors as well as questions of immunity and qualified immunity which deserve serious consideration.
At least, in this case, by addressing the merits of the section 1983 claims, we have impliedly held that this private prison is a *527 state actor for purposes of liability under that section.