**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONIO ZAMARRIPA,

    Petitioner-Appellant,

v.

T. C. PETERSON, Warden,

    Respondent-Appellee.

No. 04-6145
(Western District of Oklahoma)
(D.C. No. CV-04-341-M)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This matter is before the court on Antonio Zamarripa's appeal from the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Zamarripa is currently in the custody of the Federal Bureau of Prisons ("BOP"). He alleges that his 120-month term of incarceration will end on November 24, 2004. On March 19, 2004, Zamarripa filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma. In the petition, Zamarripa alleged that the BOP is required, pursuant to 18 U.S.C. 3624(c), to transfer him to a halfway house or to home confinement for the last six months of his term of incarceration.

"A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [petitioner's] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The district court dismissed the § 2241 petition *sua sponte*, concluding that Zamarripa had failed to state a claim for federal habeas relief because his petition did not allege a violation of the Constitution or laws or treaties of the United States. The district court relied on *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) in which this court held that "[n]othing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period." Accordingly, Zamarripa has no right pursuant to § 3624(c) to placement in any particular type of pre-release program.

Upon review of Zamarripa's appellate brief and *de novo* review of the entire record on appeal, this court affirms the dismissal of Zamarripa's § 2241 petition for substantially the reasons set forth in the magistrate judge's Report and Recommendation dated April 15, 2004 and the district court's Order dated April 22, 2004.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge