F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAVIER CANAS-BRISENO, also
known as Canas,

    Defendant-Appellant.

No. 04-1196
(D. Colo.)
(D.Ct. No. 02-CR-293-B)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Javier Canas-Briseno, a federal prisoner represented by counsel, pled guilty to one count of knowingly and intentionally conspiring to distribute and possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and fifty grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), and (b)(1)(A) (viii); and § 846. The district court sentenced Mr. Canas-Briseno to eighty-four months imprisonment followed by five years supervised release. Pursuant to an *Anders* brief filed by his counsel, Mr. Canas-Briseno appeals the district court's sentence. *See Anders v. California*, 386 U.S. 738, 744 (1967). We dismiss Mr. Canas-Briseno's appeal.

Following an eighteen-month investigation, a superceding indictment against Mr. Canas-Briseno was entered, charging him with thirty-two counts of drug-related crimes, together with a charge of illegal reentry into the United States after deportation. In a plea agreement with the government, Mr. Canas-Briseno agreed to plead guilty to one count of conspiring to distribute and possession with the intent to distribute substances containing certain amounts of cocaine and methamphetamine, in exchange for the government's agreement to dismiss the other counts and request both a three-level decrease for acceptance of

responsibility under United States Sentencing Guidelines (U.S.S.G.) §3E1.1, and a downward departure for substantial assistance to authorities under U.S.S.G. §5K1.1. At sentencing, the district court applied the government's requested three-level decrease for acceptance of responsibility and the downward departure for substantial assistance, and imposed a sentence of eighty-four months imprisonment. However, the district court denied Mr. Canas-Briseno's request for a recommendation to the Bureau of Prisons for placement in a California facility, noting the Bureau of Prisons need not follow judicial recommendations on placement of federal prisoners.

After Mr. Canas-Briseno filed a timely notice of appeal, his counsel filed both an *Anders* appeal brief alleging no meritorious appellate issues exist, and a motion requesting an order permitting him to withdraw as counsel. *See Anders*, 386 U.S. at 744. Specifically, his counsel points out the district court sentenced Mr. Canas-Briseno within the applicable guideline range and applied the requested decrease for acceptance of responsibility and downward departure for substantial assistance to law enforcement authorities. As a result, he suggests this court lacks jurisdiction to review the sentencing decision because the district court did not erroneously apply the Guidelines or sentence Mr. Canas-Briseno in violation of the law. In addition, Mr. Canas-Briseno's counsel suggests no

appealable issues exist with respect to his placement in a California facility because the Bureau of Prisons has broad discretion, under 18 U.S.C. § 3621, in designating the place of imprisonment, leaving the district court in this case with no jurisdiction to direct or mandate Mr. Canas-Briseno's placement. Pursuant to *Anders,* this court gave Mr. Canas-Briseno an opportunity to raise points in response to the *Anders* brief, to which he did not respond. *Id.*

When reviewing an application of the Sentencing Guidelines, "[t]his court reviews the district court's legal conclusions under the Sentencing Guidelines *de novo* and its factual findings for clear error, affording great deference to the district court's application of the Guidelines to the facts." *United States v. Eaton*, 260 F.3d 1232, 1237 (10th Cir. 2001). Under 18 U.S.C. § 3742(a), a sentence which falls within the Sentencing Guidelines cannot be successfully appealed unless it is imposed in violation of law, as a result of an incorrect application of the Guidelines, or is otherwise premised on facial illegality, improper calculations, or clearly erroneous fact findings. *See United States v. Garcia*, 919 F.2d 1478, 1479, 1481 (10th Cir. 1990) (relying on 18 U.S.C. § 3742(a)(1) and (2)).

As to placement in a particular facility for purposes of incarceration, we

have long held the place of confinement is not part of the sentence imposed by the district court, but a matter which the Attorney General, and now the Bureau of Prisons, has authority to determine. *See Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468-69 n.3 (10th Cir. 1992) (explaining the Bureau of Prisons, under 18 U.S.C. § 3621(b), exercises jurisdiction over the placement of prisoners, replacing the Attorney General as the entity vested with such authority); *Bowen v. United States*, 174 F.2d 323, 324 (10th Cir. 1949) (applying 18 U.S.C. § 4082 (repealed and replaced by 18 U.S.C. § 3621(b)), which vested the Attorney General with jurisdiction over the place of a prisoner's confinement). Moreover, as the United States Supreme Court has held, "federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows*, 981 F.2d at 468-69 n.3 (citations omitted).

With these principles in mind and after a careful review of the record concerning Mr. Canas-Briseno's sentence, we conclude the district court did not impose his sentence in violation of law or as a result of an incorrect application of the Sentencing Guidelines, and that his sentence is not otherwise improper under 18 U.S.C. § 3742. Clearly, Mr. Canas-Briseno's sentence falls within the appropriate guideline range, and as his counsel points out, he received both the three-level decrease and downward departure requested, about which he has no

cause to complain. Similarly, as his counsel explains, the district court clearly lacks authority to mandate his placement in a particular facility. As a result, no meritorious appellate issues are presented for our review and we lack jurisdiction to review the sentence.

Accordingly, we grant counsel's request to withdraw and **DISMISS** Mr. Canas-Briseno's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge