934 F.2d 1277

**Louise WOERNER and L. Woerner, Inc., d/b/a HCR, Appellants,**

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., Appellees.**

No. 90–5314.

United States Court of Appeals, District of Columbia Circuit.

Argued April 29, 1991.

Decided June 4, 1991.

I. Michael Greenberger, with whom Joseph F. Yenouskas, Washington, D.C., was on the brief, for appellants. John Townsend Rich, Washington, D.C., also entered an appearance for appellants.

Jeffrey T. Sprung, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before WALD, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

HENDERSON, Circuit Judge:

L. Woerner, Inc. d/b/a HCR (HCR), participated in the program ·sponsored by the Small Business Administration (SBA) for socially and economically disadvantaged small businesses, commonly known as the "8(a) program." *See* 15 U.S.C. § 637(a). Claiming that the SBA had unlawfully prevented it from receiving full benefits, HCR filed suit in the district court seeking, among other things, to have its eligibility in the 8(a) program extended past the nine-year statutory term. On cross-motions for partial summary judgment, the trial court determined that the SBA had acted unlawfully and that HCR had been harmed by that unlawful action. Nonetheless the court did not grant HCR the equitable re-

lief requested. HCR argues that the trial court, in denying relief, addressed only the question of whether it had the equitable power to extend the term set by Congress and it decided that question wrong. HCR asks us to review *de novo* that question of law. We decline the invitation. We conclude instead that the trial court denied HCR's requested relief based on its balancing of the equities; accordingly, we review that decision using the abuse of discretion standard of review and affirm.

## I.

HCR was admitted to the SBA's program for disadvantaged small businesses on December 12, 1980. During the first eight years of its participation in the program, HCR secured numerous contracts and purchase orders and steadily grew in size and wealth. By 1988 HCR had grown to the extent that it was no longer eligible to compete for certain contracts, namely those reserved for "small" businesses. *See* 13 C.F.R. §§ 121.202, 124.102. As a result, HCR had to request new codes in order to continue its eligibility to win contracts appropriate to its size.[1]

As HCR requested new codes, the SBA frustrated HCR's efforts to obtain new contracts. In brief, the SBA delayed HCR's requests to add codes to its business plan, delayed approval of contracts that HCR was ready to enter into and challenged contracts that it had previously approved. The trial court found that the SBA, in causing these delays, violated its own regulations as well as the Administrative Procedure Act and harmed HCR. Slip op. at 10–13. Accordingly, the court granted HCR's request for declaratory relief. *Id.* at 13.

But the trial court was unwilling to grant the additional injunctive relief re-

quested by HCR.[2] In particular the court refused to order the SBA to grant an extension allowing HCR to participate in the 8(a) program beyond the term set by Congress. In reaching that decision, the court emphasized that such relief would be "extraordinary" and that the statutory commands could not be disregarded. *Id.* at 17. The court distinguished the case primarily relied on by HCR, *Burr v. Ambach*, 863 F.2d 1071 (2d Cir.1988), *vacated*, 492 U.S. 902, 109 S.Ct. 3209, 106 L.Ed.2d 560 *aff'd on remand*, 888 F.2d 258 (2d Cir.1989). Slip op. at 17–18. In *Burr*, a handicapped plaintiff alleged that a school's failure to admit him for a period of a year and a half temporarily deprived him of his statutory right to free education, which the government guaranteed to handicapped students between the ages of three and twenty-one. The Second Circuit held that a hearing officer could award the plaintiff an equitable remedy of one and one-half years of free public education, even though that remedy extended the plaintiff's education beyond the statutory period. The trial court in this case distinguished *Burr* on the ground that the harm suffered by HCR did not nearly approach the harm suffered by the plaintiff in that case. In *Burr*, the court found that the plaintiff had been entirely deprived of his statutory right to free public education for a year and a half. Here, in contrast, HCR had not been denied all benefits of the 8(a) program, but only those associated with a limited number of its codes. Moreover, the court concluded that the government was completely at fault in *Burr*, while HCR was partially responsible for the delays due to its aggressive attempts to obtain new codes that matched available contracts. Finally, the trial court determined that HCR had received significant benefits from the 8(a) program, having se-

---

**1.** Every SBA participant must file a business plan with the SBA that includes a list of codes describing its business. 13 C.F.R. § 124.301(b). Once the SBA approves the plan, the participant is eligible to obtain only those contracts that carry a code included in its business plan. *Id.*

**2.** In addition to seeking declaratory relief and an eighteen-month extension of its tenure in the 8(a) program, HCR requested the trial court to

(i) order the SBA to process HCR's requests in a timely fashion; (ii) enjoin certain SBA employees from processing HCR's requests; and (iii) invalidate the regulation that requires the SBA to review codes assigned to contracts, 13 C.F.R. § 124.308(b). HCR does not appeal the trial court's denial of these additional requests for relief.

cured over 70 contracts and purchase orders during its ten-year participation in the program.[3]

The sole issue in this appeal is whether the trial court erred in denying HCR's request for an extension of its eligibility. The court, says HCR, mistakenly interpreted the scope of its equitable powers and should be reversed as a matter of law. The SBA, on the other hand, contends that the court denied relief not as a matter of law but because the equities did not favor granting such unusual relief. A denial on that basis, says the SBA, can be reversed only for an abuse of discretion and there was none here. Because we agree that the court denied relief based on its balancing of the equities, we need not reach the question raised by HCR. Instead we conclude that the trial court did not abuse its discretion.

## II.

In denying HCR's requested extended-tenure relief, the trial court nowhere concluded that such relief was unavailable as a matter of law. To the contrary, the court heeded the Supreme Court's warning that "a court sitting in equity should not disregard statutory requirements in crafting its relief," slip op. at 17 (citing *INS v. Pangilinan*, 486 U.S. 875, 883, 108 S.Ct. 2210, 2215, 100 L.Ed.2d 882 (1988)), and then proceeded to weigh the equities of the matter. Once done, the trial court concluded that the SBA's conduct did not warrant granting the "extraordinary" relief requested. *Id.* at 17–18. Our task, then, is to determine whether the court's denial of the requested relief constitutes an abuse of discretion. *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 313, 320, 102 S.Ct. 1798, 1803, 1807, 72 L.Ed.2d 91 (1982); *Doran v.*

*Salem Inn, Inc.*, 422 U.S. 922, 931–32, 95 S.Ct. 2561, 2567–68, 45 L.Ed.2d 648 (1975); *Exxon Corp. v. FTC*, 589 F.2d 582 (D.C.Cir. 1978), *cert. denied*, 441 U.S. 943, 99 S.Ct. 2160, 60 L.Ed.2d 1044 (1979).[4]

We conclude that the trial court did not abuse its discretion. Even though the court found that the SBA acted unlawfully and that HCR had been harmed thereby, the court was not *required* to grant any specific equitable relief:

> [A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of the law.... As a general matter it may be said that "[s]ince all or almost all equitable remedies are discretionary, the balancing of equities and hardships is appropriate in almost any case as a guide to the chancellor's discretion."

*TVA v. Hill*, 437 U.S. 153, 193, 98 S.Ct. 2279, 2301, 57 L.Ed.2d 117 (1978) (quoting D. Dobbs, *Remedies* 52 (1973)); *see Weinberger v. Romero–Barcelo*, 456 U.S. at 313, 102 S.Ct. at 1803. Here, the trial court determined that (i) HCR "ha[s] not been denied of [sic] all benefits of the 8(a) program"; (ii) "in some cases, [HCR] contributed to the delay"; (iii) a grant of relief would "den[y] 8(a) opportunities to other potential participants"; and (iv) "HCR has had a meaningful and significant tenure in the program; it has participated for almost nine [sic] years and has secured almost 70 contracts." Slip op. at 18. We cannot find fault with these findings and believe they adequately support the court's conclusion that the equities did not favor equitable relief.

HCR claims that the trial court's decision could not have been based on a balancing of the equities because the SBA failed to argue that the requested relief should be denied on that basis. Instead, says HCR,

---

**3.** Although 8(a) participants now participate in the program for a maximum of nine years, HCR was admitted to the program before that limit was set and therefore was able to participate in the program for nearly ten years. *See* 15 U.S.C. § 636(j)(10)(C), (j)(15).

**4.** HCR claims that our holding in *City of Las Vegas v. Lujan*, 891 F.2d 927, 931–32 (D.C.Cir. 1989), requires a *de novo* review of the trial court's refusal to grant the relief. In *City of Las*

*Vegas* the trial court's decision to deny injunctive relief was based solely on its determination that the plaintiffs could not prevail as a matter of law. Because the trial court's decision did not rely on fact-finding or on a balancing of the equities, we concluded that we owed no deference and could review the decision *de novo*. Here, in contrast, the trial court did make factual findings and did balance the equities.

the SBA argued only that the requested relief was not available as a matter of law. This argument fails for the simple reason that HCR, in its own motion for partial summary judgment, asked the court to *grant* the requested relief. HCR's request required the court to determine not only whether such relief was available but also whether the equities favored granting such relief. *Meredith v. Winter Haven*, 320 U.S. 228, 235, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943) ("An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity"); *see Hecht Co. v. Bowles*, 321 U.S. 321, 329, 64 S.Ct. 587, 592, 88 L.Ed. 754 (1943). Indeed, when arguing before the trial court, HCR acknowledged that its motion for partial summary judgment gave the court license to weigh the equities:

> [We are seeking] equitable relief, your honor. And quite frankly, I would defer to your judgment as to what you think the equitable relief should be in this case.... And I think that since we're not talking about damages, we are talking about equitable relief, I think the court acting in equity can make a decision as to what would be equitable in terms of putting us back into the program.

Transcript of Hearing on Motion for Partial Summary Judgment at 7 (Sept. 17, 1990). HCR cannot have it both ways: it cannot claim that the trial court had the discretion to determine *how much* relief to grant, but not whether *any* relief should be granted. After requesting the trial court to exercise its discretion, HCR's real complaint is not that the trial court did not do so but that it did so incorrectly.

Finally, HCR argues that the trial court's decision, if based on a balancing of the equities, is procedurally infirm because it rests on facts that remain in dispute. HCR points to the court's finding that "to grant the relief plaintiffs seek is tantamount to denying 8(a) opportunities to other potential participants." HCR claims that this finding is inaccurate and suggests that all of the contracts HCR would obtain during an extended 8(a) tenure would be secured through self-marketing and that, therefore, any extended tenure would not harm other potential participants. We disagree with HCR's characterization of the trial court's finding as founded on a disputed "fact." It is uncontested that all of the contracts *at issue in this case* were "self-marketed" contracts for which no other participant would have been eligible. The trial court's finding, however, was not derived from this fact but rather was an inference from the nature of the 8(a) program: namely, that given the bidding process and finite agency resources, extending HCR's 8(a) tenure would very likely harm potential participants. Such an inference is both reasonable and proper in the trial court's disposition of the summary judgment motion and in its balancing of the equities to determine the scope and form of the appropriate relief.

For the foregoing reasons, the trial court's grant of partial summary judgment to plaintiff HCR without the requested relief of extended eligibility is

*Affirmed.*