**James M. PROCTOR**

v.

**PRINCE GEORGE'S HOSPITAL CENTER.**

No. Civ.A. DKC 96–1870.

United States District Court,
D. Maryland.

Aug. 24, 1998.

831

Marc P. Charmatz, National Association of the Deaf, Silver Spring, MD, Laura Lee Rovner, Law Office, Syracuse, NY, Douglas L. Parker, Lisel Loy, Law Office, P.H., Washington, DC, Sunil H. Mansukhani, Institute for Public Representation, PH, Washington, DC, for James M. Proctor, plaintiff.

Eric Hemmendinger, Gary L. Simpler, Shawe & Rosenthal, Baltimore, Md, for Prince George's Hospital Center, defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

The court directed Plaintiff James M. Proctor to show cause why Count I should not be dismissed for failure to state a claim and why Count II and the request for injunctive relief under Count III should not be dismissed due to lack of standing. (Order of August 20, 1998).

Plaintiff, who is deaf, alleges that Defendant Prince George's Hospital Center ("PGHC") violated either Title II or Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Counts I and II respectively), and § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Count III), when it failed to provide him with sign language interpreters at several points during his hospital stay after a motorcycle accident. Plaintiff alleges that these failures excluded him from meaningful participation in his

medical treatment, and that this exclusion amounts to discrimination directly linked to his disability. Plaintiff seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages. (Amended Complaint).

The issues are fully briefed, no hearing is deemed necessary, and the court now rules pursuant to Local Rule 105.6.[1] For the reasons set forth below, the court shall DISMISS Counts I and II of Plaintiff's Amended Complaint. Furthermore, Plaintiff shall be precluded from obtaining injunctive relief under Count III of Plaintiff's Amended Complaint.

## I. *Background*

Mr. Proctor is a deaf individual who, on the evening of April 23, 1995, was admitted to PGHC after he was injured in a motorcycle accident. The details regarding his subsequent treatment at PGHC and his efforts to enlist the aid of an interpreter may be found in the court's Memorandum Opinion of August 20, 1998, at 5–9.

Based on his treatment at PGHC, Plaintiff filed suit under the ADA and the Rehabilitation Act. Plaintiff seeks various forms of relief, including a declaratory judgment, injunctive relief, compensatory and punitive damages, and costs and attorneys' fees. (Amended Complaint). At issue now is whether Plaintiff has standing to obtain injunctive relief. As discussed below, the court finds that he does not.

## II. *Discussion*

### A. Count I

Plaintiff does not object to the dismissal of Count I. Accordingly, Count I shall be dismissed without further discussion.

### B. Counts II and III

In Count II, Plaintiff alleges violations of Title III of the ADA, which applies to privately operated public accommodations, including hospitals. Title III prohibits discrimination "on the basis of disability in the

1. Plaintiff submitted his response to the court's show cause Order on September 3, 1998 (Paper no. 36). Defendant filed an opposition on September 24, 1998 (Paper no 39), to which Plaintiff replied on October 7, 1998 (Paper no. 40).

full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); 42 U.S.C. § 12181(7)(F) (hospitals as public accommodations). Title III does not allow damages to private parties, but does allow injunctive relief. In Count III, Plaintiff alleges a violation of the Rehabilitation Act and seeks injunctive relief.

To establish standing for injunctive relief, Plaintiff must first demonstrate that he will suffer an injury in fact which is a) concrete and particularized and b) actual or imminent, not conjectural or hypothetical. *Tyler v. The Kansas Lottery,* 14 F.Supp.2d 1220, 1224 (D.Kan.1998) (*citing Bennett v. Spear,* 520 U.S. 154, 117 S.Ct. 1154, 1163, 137 L.Ed.2d 281 (1997)).[2] Regarding an "injury in fact," the Supreme Court has explained that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (*quoting O'Shea v. Littleton,* 414 U.S. 488, 495–496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). In *Lyons,* the Court held that a plaintiff who had been subjected to a "chokehold" by the Los Angeles police would have had to allege that he would have another encounter with the police in order to obtain injunctive relief. *Lyons,* 461 U.S. at 105–106, 103 S.Ct. 1660.

In ADA cases, courts have held that a plaintiff does not have standing to obtain injunctive relief if he cannot demonstrate a likelihood that he himself will suffer future discrimination at the hands of the defendant. For example, in *Aikins v. St. Helena Hosp.,* 843 F.Supp. 1329 (N.D.Cal.1994), the widow of a hospital patient asserted that the hospital's failure to provide her with a sign language interpreter prevented her from effectively communicating with hospital personnel and participating in her husband's care. The court dismissed Plaintiff's ADA claims, holding that she was not entitled to injunctive relief and noting that:

> [A] plaintiff seeking injunctive relief premised upon an alleged past wrong must demonstrate a 'real and immediate threat' of repeated future harm to satisfy the injury in fact prong of the standing test. This requirement is independent of the substantive requirements for equitable relief.

*Id.* at 1333 (*quoting Lyons,* 461 U.S. at 111, 103 S.Ct. 1660). Mrs. Aikins' claims were dismissed because she had not shown that she was "likely to use the hospital in the near future," nor that defendants were likely to discriminate against her if she did use the hospital. *Aikins,* 843 F.Supp. at 1334. The court explained that injunctive relief would require a showing that she faced a "real and immediate threat of future injury at the hands of defendants." *Id.* Other courts have likewise dismissed claims for injunctive relief under similar circumstances. *See Naiman v. New York University,* 1997 WL 249970 (S.D.N.Y. May 13, 1997) (deaf patient who visited hospital emergency room four times in the past did not satisfy burden of demonstrating that he would require hospital's services on a future occasion); *Hoepfl v. Barlow,* 906 F.Supp. 317 (E.D.Va.1995) (past discrimination by dentist who refused to treat HIV positive individual does not provide standing to sue for injunctive relief under the ADA, absent realistic possibility that defendant's future discriminatory conduct would cause plaintiff harm); *Tyler,* 14 F.Supp.2d at 1225 (wheelchair-bound plaintiff living in Wisconsin lacked "concrete and particularized" interest in ADA compliance against lottery retailers in Kansas, and could not prove "actual and imminent" threat to plaintiff's rights, despite plaintiff's professed intention to visit relatives in Kansas and play the lottery when he does visit).

Like the plaintiffs in *Aikins, Naiman, Hoepfl and Tyler,* Plaintiff is unable to establish that he himself faces a real and immediate threat of future harm from Defendant, and not merely a conjectural or hypothetical threat. Plaintiff misguidedly argues that he has standing to obtain injunctive relief because "conditions still exist at PGHC

---

2. To establish standing, plaintiff must also demonstrate that the conduct complained of will cause the injury alleged, and that it is likely, not speculative, that the injury will be prevented by a favorable decision. *Id.* These elements are not at issue here.

that make it unlikely deaf patients are being provided with equal and effective communication." (Paper no. 36 at 2). Even assuming, *arguendo,* that this assertion is true, this is still insufficient to confer standing. The present record neither reflects any on-going discrimination against Plaintiff, nor suggests that he is likely to return to PGHC in the near future. Indeed, Plaintiff concedes that "any assertion that he would need to go to PGHC in the future would necessarily involve speculation." (Paper no. 36 at 4).[3] Because Plaintiff has admitted there is no "actual and imminent" threat to his rights, he does not have standing to seek injunctive relief. *See Lyons,* 461 U.S. at 111, 103 S.Ct. 1660 (the "speculative nature of [plaintiff's] claim of future injury" required a finding that there was no "real or immediate threat" that plaintiff would be wronged again, precluding injunctive relief). Accordingly, Count II must be dismissed for failure to state a claim upon which relief can be granted, and any request for injunctive relief under Count III must likewise be dismissed.

### III. *Conclusion*

For the foregoing reasons Counts I and II of Plaintiff's Amended Complaint, and all claims for injunctive relief pursuant to Count III, shall be dismissed. A separate order will be issued.

**3.** Plaintiff cites to several cases in which injunctive relief was granted, even though it appears from the factual background provided in each case that there was not an "actual and imminent" threat of future discrimination by the defendant against the plaintiff. (Paper no. 36 at 4–5). *See Howe v. Hull,* 873 F.Supp. 72 (N.D.Ohio 1994); *Bunjer v. Edwards,* 985 F.Supp. 165 (D.D.C.1997); *D.B. v. Bloom,* 896 F.Supp. 166 (D.N.J.1995); *Galloway v. Superior Court of the District of Columbia,* 816 F.Supp. 12 (D.D.C.

1993). None of the cases cited by Plaintiff addresses the issue of standing. Given the weight of the authority regarding the standing requirements for injunctive relief, this court cannot allow Plaintiff to go forward with his claims for injunctive relief, notwithstanding these cases. Indeed, it is possible that this issue was overlooked in those cases, and that if the issue had been considered, injunctive relief might not have been granted.