**Robert B. GREGORY Plaintiff**

v.

**OTAC, INC. and Hardee's Food Systems, INC. Defendants**

**No. CIV. H-01-3353.**

United States District Court,
D. Maryland.

Feb. 19, 2003.

Philip B. Malter, Malter and Mickum Chtd., Riva, MD, for Plaintiff.

Robert J. Lynott, Thomas and Libowitz PA, Roy W. Anderson, Jr., Law Offices of Jonathan P. Stebenne, Baltimore, MD, for Defendants.

### MEMORANDUM OPINION

ALEXANDER HARVEY, II, Senior District Judge.

#### I

Plaintiff Robert B. Gregory ("Gregory") is disabled and requires a walker to ambulate. On March 20, 2000, he fell and was injured after leaving a Hardee's Restaurant ("the Restaurant") located in Princess Anne, Maryland. In this civil action, Gregory has sued the present and former owner of the Restaurant seeking injunctive relief and compensatory damages.

Suit has been brought under the Americans With Disabilities Act of 1990, 42 U.S. § 12101, *et seq.* ("the ADA") and under Maryland common law. Named as defendants in the case are Otac, Inc. ("Otac"), a Maryland corporation, and Hardee's Food Systems, Inc. ("Hardee's Food Systems"), a North Carolina corporation.[1]

---

1. The corporation which formerly owned the Restaurant was Hardee's Food Systems, Inc. The docket has been corrected to show that the second defendant in this case is Hardee's Food Systems, Inc., rather than "CKE Restaurants" doing business as that corporate entity.

Counts I, II and III assert claims under the ADA. It is alleged in Count I that defendants discriminated against plaintiff Gregory on the basis of his disability in denying him full and equal enjoyment of the services of the Restaurant by failing to make a curb cut or entrance ramp from the disabled parking place used by Gregory when he had lunch at the restaurant. In Count II, it is alleged that defendants discriminated against plaintiff on the basis of his disability by not providing him with a continuous, unobstructed path of travel which connects the entrance and other parts of the restaurant to its disabled parking areas. Count III alleges that defendants discriminated against Gregory on the basis of his disability by failing to properly maintain a safe path of travel as that term is employed by regulations promulgated under the ADA. Count IV presents a claim of negligence under Maryland law and alleges that defendants were negligent in violating provisions of the ADA and regulations promulgated thereunder.

Pursuant to the Court's Scheduling Order, as amended, the parties have engaged in discovery. Presently pending is a motion for summary judgment filed by the defendants. The parties have submitted memoranda and exhibits in support of and in opposition to the pending motion, including excerpts from depositions and photographs.

Following its review of the parties' memoranda and the exhibits which have been submitted, this Court has concluded that no hearing is necessary for a decision on the pending motion for summary judgment. *See* Local Rule 105.6. For the reasons to be stated herein, defendants' motion for summary judgment will be granted.

## II

### *Background Facts*

Plaintiff Gregory has in past years suffered several strokes and is an individual with a disability within the meaning of the ADA. Defendant Otac owns and operates the Hardee's Restaurant located at 30362 Mount Vernon Road, Princess Anne, Maryland. Defendant Hardee's Food Systems formerly owned and operated the Restaurant. By Agreement dated July 31, 1996, various Hardee's restaurants, including the one at issue here, were sold to Otac.[2]

In a prior action brought by him in this Court, Gregory claimed that he had been illegally discharged by his employer in violation of the ADA. *Gregory v. Crown Cork & Seal Company (USA), Inc.,* Civil No. S–99–264.[3] In his Memorandum Opinion and Order entered in Civil No. S–99–264 on January 10, 2000, Judge Smalkin, in granting in part and denying in part defendant's motion for summary judgment, noted that Gregory had previously suffered two strokes which left him partially paralyzed and severely limited his movement and his working endurance and ability. (Slip op. at 1). Judge Smalkin further noted that Gregory had a heart condition which had required a quadruple bypass. *Id.* In the Joint Pretrial Order entered in that case, counsel for Gregory stated that his disability included hemiparesis on the right side of his body and balance problems and that he was "severely disabled in his walking capability." (Joint Pretrial Order ap-

---

**2.** Plaintiff contends that Hardee's Food Systems is a proper defendant in this case because the disabled parking spaces and curb access in place at the Restaurant in March of 2000 were constructed by it in 1989.

**3.** That action was resolved by the parties shortly before trial.

proved by Judge Smalkin on March 20, 2000, at p. 1).

Following a dental appointment in a nearby location, Gregory and his sister, Beverly Ann Trader ("Trader"), visited and had lunch at the Restaurant on March 20, 2000. Trader drove her vehicle with Gregory in the passenger seat. Situated alongside the restaurant were two parking spaces reserved for the handicapped. When Trader and Gregory arrived in her car, the parking space to the left was occupied by a van, and Trader accordingly parked in the reserved space to the right. To the left of and alongside the space occupied by the other vehicle, access to the Restaurant had been provided for use by disabled customers by way of a ramp.

At the time, Gregory was using a walker to assist him in moving about. Rather than walking around the van which occupied the other reserved space and using the ramp, Gregory, after alighting from the passenger side of the car, chose to use his walker and proceed to the Restaurant by way of a more direct route. With his walker, he proceeded over the raised curb located in front of Trader's car and entered the Restaurant where he and Trader had lunch.

Upon leaving the Restaurant, Gregory once again made no attempt to use the available ramp located alongside the other parked vehicle. Using his walker, he proceeded to descend the curb in the vicinity of Trader's car. When he placed his walker in front of him on the other side of the curb, the walker slipped causing him to fall on the pavement and suffer injuries, including a fracture of his right arm and contusions of his scalp and knee. According to Gregory, when he descended from the curb to the parking area, his walker slid out from under him causing him to fall. He later noticed that grease and oil stain drops were located in the area where his walker slipped.

Emergency personnel arrived, and Gregory was taken by an ambulance to the hospital. He here seeks equitable relief requiring defendants to comply with regulations promulgated under the ADA, as well as compensatory damages, attorneys' fees and costs.

## III

### Summary Judgment Principles

A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the plaintiff must bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. *See* Rule 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett*, 477 U.S. at 322, 323, 106 S.Ct. 2548.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364

(4th Cir.1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " 'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.' " *Barwick*, 736 F.2d at 958–59 (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir.1967)). A genuine issue of material fact cannot be created "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). Moreover, only disputed issues of *material* fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the absence of a minimal showing by a plaintiff that the defendant may be liable under the claims alleged, a defendant should not be required to undergo the considerable expense of preparing for and participating at a trial. *See Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505; *Catrett*, 477 U.S. at 323–24, 106 S.Ct. 2548. Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Catrett*, 477 U.S. at 323–24, 106 S.Ct. 2548).

Applying these principles to the facts of record here, this Court has concluded that defendants' motion for summary judgment must be granted.

## IV

### Applicable Principles of Law

By its express terms, the purpose of the ADA is:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

 Article III of the United States Constitution limits the judicial power of the federal courts to resolving actual cases and controversies. *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir.1990). A case or controversy is justiciable if it involves "issues that are precisely framed by their connection to specific litigants in a concrete context." *Gilles v. Torgersen*, 71 F.3d 497, 500 (4th Cir.1995). In the context of an ADA action, liability may not be found in a vacuum. *Long v. Coast Resorts, Inc.*, 32 F.Supp.2d 1203, 1210 (D.Nev. 1998). The mere violation of the ADA does not alone establish injury. *Id.* A plaintiff is obligated to show, by competent evidence, that a defendant's violation of

the ADA caused him actual injury before such plaintiff can recover. *Id.*

To establish standing for injunctive relief, a plaintiff must first demonstrate that he will suffer an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Proctor v. Prince George's Hosp. Ctr.*, 32 F.Supp.2d 830, 832 (D.Md.1998). To establish standing, a plaintiff must also demonstrate that the conduct complained of will cause the injury alleged, and that the injury will be prevented by a favorable decision. *Id.* at 832 n. 2. In ADA cases, courts have held that a plaintiff does not have standing to obtain injunctive relief if he cannot demonstrate a likelihood that he will suffer future discrimination at the hands of the defendant. *Id.* at 832.

An injunction is an equitable remedy. *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). The decision to grant or deny an injunction lies within the sound discretion of the district judge, whose judgment will not be disturbed absent an abuse of that discretion. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1055 (4th Cir.1985). Where a plaintiff and a defendant present competing claims of injury, the traditional function of equity has been to arrive at a "nice adjustment and reconciliation" between the competing claims. *Weinberg*, 456 U.S. at 312, 102 S.Ct. 1798. In such cases, the court "balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction." *Id.*

Under appropriate circumstances, a court may justifiably withhold injunctive relief altogether even though the law has been violated by the party sought to be enjoined. *Weinberger*, 456 U.S. at 313, 320, 102 S.Ct. 1798; *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 (10th Cir.1992); *Woerner v. United States Small Bus. Admin.*, 934 F.2d 1277, 1279–80 (D.C.Cir.1991). "[T]he award of an ... injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff." *Yakus v. United States*, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944).

V

*Counts I, II and III*

In support of their motion for summary judgment, defendants first argue that plaintiff is not entitled to a recovery of monetary damages under the ADA. Indeed, it is well established that Title III of the ADA proscribing discrimination in public accommodations does not provide for a private cause of action for damages. *Howard v. Cherry Hills Cutters, Inc.*, 935 F.Supp. 1148, 1149 (D.Colo.1996). In his opposition to the pending motion, plaintiff now states that he "is not seeking money damages pursuant to the ADA, ..." (Plaintiff's Memorandum in Opposition at p. 5). Plaintiff asserts that he is rather seeking money damages "because of Defendants' negligence in failing to comply with the ADA." *Id.* Plaintiff therefore has conceded that his claim for compensatory damages arises only under Count IV which has been brought under Maryland law.

Insofar as Counts I, II and III are concerned, the Court must therefore determine whether plaintiff is entitled to a mandatory injunction directing defendant Otac: (1) to make a curb cut or entrance ramp to the Restaurant entrance from the second disabled parking place used by Mr. Gregory, as alleged in Count I; (2) to provide a continuous unobstructed path of travel which connects the entrance and other parts of the Restaurant's facilities to its disabled parking areas, as alleged in

Count II; and (3) to properly maintain a safe path of travel to the Restaurant under applicable regulations, as alleged in Count III. Before considering whether the circumstances here support Gregory's claim for injunctive relief, the Court must first decide whether Gregory has standing to assert such a claim.

■■■ It is well established that the irreducible constitutional minimum of standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id.* Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of some independent action. *Id.* Third, it must be likely as opposed to merely speculative that the injury will be "redressed by favorable decision." *Id.* at 561, 112 S.Ct. 2130; *Proctor,* 32 F.Supp.2d at 832; *Parr v. L & L Drive–Inn Restaurant,* 96 F.Supp.2d 1065, 1077 (D.Hawai'i 2000).

On the record here, this Court finds and concludes that plaintiff does not have standing in this case to seek injunctive relief under the ADA. He has not demonstrated that he will suffer injury which is concrete, particularized and imminent. *See Proctor,* 32 F.Supp.2d at 832. In opposing defendants' motion for summary judgment, plaintiff has not offered evidence establishing that he has visited the Restaurant in recent months, that he has not been able to use the ramp in place and that he has therefore been unable to gain safe access to the Restaurant because of the location of the ramp. It is apparent that plaintiff has not on this record shown that he will suffer future discrimination at the hands of the defendants in violation of the ADA.

Moreover, evidence of record establishes that there is no causal connection between the injury suffered by plaintiff Gregory and defendants' conduct challenged in this lawsuit. A ramp designed for disabled patrons of the Restaurant was available for Gregory's use on March 20, 2000. As disclosed by his testimony, he knew that the ramp was there but impatiently chose after lunching at the Restaurant to go directly to his sister's car over the curb.[4] It was plaintiff's impatience which caused the injury and not any violation by defendants of the ADA. There is no evidence that grease and oil stain drops were located near the ramp.

Photographs of the parking area and the ramp disclose that a safe means of proceeding from the Restaurant to his sister's car was available to Gregory upon his return to the vehicle. In particular, defendants' Exhibit C–2 shows a vehicle parked in the space to the left of where Trader had parked her car. This photograph shows the beginning of the ramp, and even though the van parked there during the day in question may have been a little longer than the car parked there at a later date, there was clearly ample space for Gregory to use this ramp had he not been so impatient. Plaintiff's injury, therefore, was not traceable to defendants' failure to provide a curb or entrance ramp immediately in front of the parking space occupied by Trader's car. The Restaurant had provided an unobstructed, safe path of

---

**4.** In his deposition, Gregory conceded that when he first got out of Trader's car, he noticed the cut out curb and the ramp on the other side of the van. (Tr. 52–54). He stated that the ramp was "clear on the other side" of the van and that he decided to go "up over the curb" to gain entrance to the Restaurant. *Id.*

travel connecting the entrance of the Restaurant with the disabled parking area.

Even were it determined that plaintiff has standing to seek injunctive relief in this case, the Court is satisfied that the equitable remedy requested by him should not be granted. In exercising its equitable powers here, the Court must arrive at a "nice adjustment and reconciliation" between the competing claims. *Weinberger,* 456 U.S. at 312, 102 S.Ct. 1798. Plaintiff complains that the people in the van parked in the handicapped space adjacent to the ramp were slow in leaving and that his access to the ramp was temporarily blocked. But no provision of the ADA requires a place of public accommodation to provide an alternate entrance ramp for quicker access when the one connecting its disabled parking spaces to the facility is temporarily blocked by other disabled persons.

When the conveniences of the parties are balanced here, the equities favor the defendants. A disabled person like Gregory who had a brace on his right leg and balance problems because of partial paralysis on his right side assuredly should have chosen the safer ramp in existence rather than proceeding over the raised curb. Gregory was injured because he impatiently refused to walk a few more steps and use the less direct and safer means of egress provided by the Restaurant.[5]

Moreover, as established by affidavit of the Finance Systems Manager of Otac, the changes sought by plaintiff in this suit have recently been constructed insofar as the Restaurant's handicap parking configuration is concerned. There is now access to the Restaurant entrance by way of a cut out ramp in front of both vehicles parked in the handicapped spaces.

For these reasons, even if it were determined that plaintiff had the necessary standing to seek injunctive relief in this case, this Court would withhold the issuance of a mandatory injunction.

Accordingly, this Court finds and concludes (1) that plaintiff does not have standing to seek equitable relief in this case and (2) that in any event plaintiff is not entitled to the injunctive relief sought by him in the amended complaint. Summary judgment in favor of the defendants will therefore be entered as to Counts I, II and III of the amended complaint.

## VII

*Count IV—Plaintiff's State Law Claim*

Pending is plaintiff's state law claim of negligence asserted in Count IV of the amended complaint.[6] Since there is not complete diversity between plaintiff and both of the named defendants, *see Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), jurisdiction in this case exists only under 28 U.S.C. § 1331. Plaintiff's claim of negligence asserted under state law is therefore before the Court only under the Court's pendent jurisdiction.

Pendent jurisdiction is a doctrine of discretion and not one of a plaintiff's

5. Gregory stated in his deposition that, in returning to Trader's car from the Restaurant after lunch, he gave no consideration to walking down the sidewalk and going down the ramp that was there. (Tr. 63). He did not use the existing ramp because "you had to go around the car and up the other side" and because "it was just too far to go." (Tr. 64).

6. It is well settled that, as alleged by plaintiff in Count IV, violation of a statute may under Maryland law be evidence of negligence. *Brown v. Dermer,* 357 Md. 344, 358, 744 A.2d 47 (2000).

right. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, the Supreme Court has expressly cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal law claims are dismissed before trial ... the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. 1130. The principles of *Gibbs* have been codified under the name "supplemental jurisdiction." 28 U.S.C. § 1367.

Here, summary judgment in favor of defendants is being entered as to the only federal claims asserted in the amended complaint. A court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over a state claim when the federal claims have been disposed of prior to a full trial on the merits. *See Hector v. Weglein,* 558 F.Supp. 194, 204–205 (D.Md.1982). Outlining the relevant factors to be considered in determining the appropriateness of a court's exercise of its discretion to decide pendent state claims, Judge Friendly in *Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176, 1180 (2d Cir.1974) said the following:

> If it appears that the federal claims ... could be disposed of on a motion..., the court should refrain from exercising pendent jurisdiction absent exceptional circumstances.

*Id.* at 1180.

Since summary judgment in favor of defendants is being granted as to all of plaintiff's federal claims, and since there are no exceptional circumstances here, this Court will not exercise pendent jurisdiction in this case over Count IV of the amended complaint. Accordingly, this state law claim will be dismissed, without prejudice to plaintiff's right to assert these claims in a state court.

## VIII

### Conclusion

For all the reasons stated, the motion for summary judgment of defendants will be granted as to plaintiff's federal claims, and plaintiff's state law claim will be dismissed without prejudice. An appropriate Order will be entered by the Court.